Norris v. Beyea.

———•◦•———

## NORRIS, ex'r, &c. *vs.* BEYEA, adm'r &c. and others.

A testator, by his will, gave and bequeathed to each of his four daughters the sum of $1000, to be paid out of his personal estate within six months after his death, and directed that in case either of the daughters should die before having attained the age of twenty-one years, and without lawful heirs, her estate should go to the surviving sisters, share and share alike. He then gave to his two sons, John I. and C. in equal shares, the one half of certain moneys due from his father's estate, upon a certain written instrument executed by the father, and the other half of said moneys to his four daughters, equally, share and share alike. He then gave all the residue and remainder of his estate to his two sons, and to their heirs, equally; and in case either of them should die before having arrived at the age of 21 years, and without lawful heirs, then his half of the real estate should go to his surviving brother; and the personal estate of him so dying was given to his surviving sisters, equally. And in case both of the sons, or either of the daughters should die before having attained the age of 21 years, and without lawful heirs, then the testator gave and devised all the estate, real and personal, of the sons so dying, and the estate of the daughter or daughters so dying, to their surviving sisters equally, share and share alike, or to the surviving sister. Catharine, one of the daughters, died in the lifetime of the testator, under the age of 21 years, and without lawful issue; and Cyrenius one of the sons, died a few days after the testator's death, under the age of 21 years, and without leaving lawful issue. Isabella, another daughter, married the defendant B., and died three years after her father, but before attaining the age of 21 years, and without issue.

*Held* 1. That the bequest to Catharine did not lapse, upon her death, but passed to her three surviving sisters.

2. That the legacy of $1000 to Isabella was an absolute gift, with a fixed time

Norris v. Beyea.

of payment, and became vested at the testator's death; and that upon her death it did not pass to her surviving sisters, but to her administrator.

3. That the legacies given to the son Cyrenius had vested at the time of his death, and did not therefore pass to the representatives of Isabella, under the will.

4. That the administrator of Isabella was entitled to the $1000 given to her, and to one-third of the legacy bequeathed to Catharine. Also to the one-sixth of the moneys coming from the estate of the testator's father, on the written instrument mentioned in the will. BROWN, J. dissented.

THIS was an appeal by the defendant Beyea, from the decision and judgment of Justice Brown, made at a special term. The action was brought by the plaintiff, executor of Increase Crosby, against Isaac Beyea, administrator of his wife Isabella Beyea, deceased, and others, to obtain a judicial construction of the will of the plaintiff's testator, and for directions as to the distribution of the personal estate. The will was executed on the 3d of October, 1844, and the testator died on the 29th of December, thereafter. The testator gave and bequeathed to each of his four daughters, Isabella M., Rachel N., Arminda H. and Catharine W., $1000, to be paid out of his personal estate, within six months after his decease. He then gave to his two sons, John Increase Crosby and Cyrenius Crosby, equally between them, share and share alike, the one-half part of all moneys which would be coming to the testator's estate, after his father's decease, out of his estate, on a certain written instrument executed by his father; and the other half part of said moneys the testator gave and bequeathed to his four daughters, equally, share and share alike. He then gave all the remainder and residue of his estate, real and personal, to his two sons, and to their heirs, equally, share and share alike; and in case either of them should die before having arrived to the age of twenty-one years, and without lawful heirs, then the testator gave and devised his half of the said real estate to his surviving brother, to have and to hold to him and to his heirs forever. And the personal estate of him dying as aforesaid he gave and bequeathed to his surviving sisters, equally. The will then contained this clause: "And further, in case that both of my said sons, John Increase Crosby and Cyrenius Crosby, or in case that either of

my four daughters, Isabella M. Crosby, Rachel N. Crosby, Arminda H. Crosby, or Catharine W. Crosby, shall die before having attained to the age of twenty-one years, and without lawful heirs, then I give, devise and bequeath all the estate, real and personal, of said sons so dying as aforesaid, and the estate of said daughter or daughters so dying as aforesaid, to their surviving sisters equally between them, share and share alike, or sister. And if all my four daughters aforesaid should die before having arrived to the age of twenty-one years, and without lawful heirs, then I give and bequeath all their estates aforesaid to their surviving brothers, share and share alike, or brother."

A trial by jury was waived, and the cause was tried before Justice Brown, at the Orange county circuit. Catharine W., one of the testator's daughters, died in the lifetime of the testator, under the age of twenty-one years, and without lawful issue, and his son Cyrenius died on the 1st of January 1845, under the age of twenty-one years, and without leaving lawful issue. Isabella M., another of the testator's daughters, intermarried with the defendant Isaac Beyea, and died three years after her father, but before attaining the age of twenty-one years, and without issue. The judge, at special term decided that the legacy to Catharine did not lapse, upon her death; that upon the death of the son Cyrenius, his share of the real estate passed to his brother, John Increase, and his share of the personal estate passed to his surviving sisters; that upon the death of Mrs. Beyea that part of the personal estate given to her originally by the will passed to her surviving sisters, Rachel N. and Arminda H., under the clause in regard to survivorship. But that the share of the personal estate which was originally given to her brother Cyrenius and which she was entitled to take in consequence of his death, passed to the plaintiff as her husband and administrator, and not to her sisters.

*Wm. Fullerton,* for the appellant. I. The legacy to Isabella M. Crosby was given absolutely, and she was entitled to the payment of it within six months after the death of the testator. It is evident from the whole tenor of the will that the testator

Norris *v.* Beyea.

intended that the daughters should be paid their respective leg-acies within six months after his decease, according to the terms of the will. (1.) He gives to his daughter Isabella and to her heirs $1000. (2.) He provides that it shall be paid within six months after his decease, notwithstanding the subsequent limit-ation over. (3.) He provides that it shall be paid out of his *personal estate.* (4.) The will further provides, that the daugh-ters (the legatees) should pay to the wife of the testator " twenty dollars annually during her natural life." This of course means from the death of the testator. The legacies being all that was given to the daughters by the will, it is apparent that the tes-tator could not have intended that the legatees should at his death commence paying " twenty dollars annually" to the widow, unless previous thereto they were to be paid their respective legacies upon which this annual payment *was in the nature of a charge.* (5.) Had the testator intended, notwithstanding what is said in the will, that the legacies of the daughters should not be paid to them until the happening of the contingency contem-plated in the will, there would have been some provision made for the safe keeping and investment of the legacies in the mean time, and the payment of the interest. No such provision is made. Nothing is left in the hands of the executor in trust. The testator gives " all the remainder and residue of his estate to his sons." (6.) In case of the death of either of the legatees before arriving " to the age of 21 and without heirs," it was not the legacy that went to the survivors, but " *the estate* of said daughter so dying." II. The absolute property being given to the legatee, the subsequent bequest over is void for repugnancy; and Isaac Beyea, the administrator of Isabella, is entitled to the legacy. Chancellor Kent, in his commentaries, says that " chat-tels or money may be limited after a life interest, but not after a gift of the absolute property." (*See also Paterson* v. *Ellis,* 11 *Wend.* 275, 306 ; *Dorland* v. *Dorland,* 2 *Barb.* 81 ; *Con-verse* v. *Kellogg,* 7 *Id.* 596 ; *Schermerhorn* v. *Negus,* 1 *Denio,* 450 ; *Malim* v. *Keighley,* 2 *Ves. jun.* 333 ; 8 *Viner,* 103 ; 1 *Ves. sen.* 9, 133 ; 3 *Atkins,* 509 ; 3 *Ves.* 324 ; *Preston on Leg.* 120.) III. The limitation over to the surviving sisters in case of the

death of Isabella, is void by the statute. It suspends the "absolute ownership" of personal property for a longer period than during the continuance of two lives in being at the death of the testator. (1 *R. S.* 773, § 1. *Vail* v. *Vail,* 7 *Barb.* 236. *Id.* 598. *Banks* v. *Phelan,* 4 *Id.* 88. *Arnold* v. *Gilbert,* 5 *Id.* 200. *De Barante* v. *Gott,* 6 *Id.* 502. *Kane* v. *Gott,* 24 *Wend.* 642.) IV. The court below erred in supposing that the absolute ownership of personal estate is not suspended when there are persons in being who can sell and transfer the right of property in the personal estate. There is a distinction between the "power of alienation" of real estate and the "absolute ownership" of personal property. V. But even admitting that the absolute ownership of personal property is not suspended when there are persons who can convey the right of property, yet it is submitted in this case that, in consequence of the contingent character of the interests of the sisters of Isabella Beyea in her property, they would not pass by a conveyance. (*Jackson* v. *Waldron,* 13 *Wend.* 212. 4 *Kent,* 260. *Edwards* v. *Varick,* 5 *Denio,* 693. *Lorillard* v. *Coster,* 5 *Paige,* 191, 230. 14 *Wend.* 299, 300. 3 *R. S.* 273, *notes to* § 14. *Maurice* v. *Graham,* 8 *Paige,* 486. *De Peyster* v. *Clendining, Idem,* 308.) VI. Neither was it certain that at the death of the testator, all the persons were in being who could unite and transfer the right of property. It would not have been the case had there been a posthumous child. If there be a mere *possibility* that the absolute ownership may be suspended, the limitation is void. (*Hawley* v. *James,* 16 *Wend.* 121. 4 *Kent,* 283.) The estate must certainly be alienable at the proper time *by the will,* and not be the result of chance. (*Hawley* v. *James,* 16 *Wend.* 121.) Had there been a posthumous child, and the six daughters and two sons died before its birth; there would have been a period of time when there were not persons in being who could have conveyed the estate, and consequently the absolute ownership would have been suspended. And this could not happen until the termination of six lives in being at the death of the testator. VII. It was the intention of the testator, that on the death of either of his daughters under 21, without heirs, her surviving

Norris v. Beyea.

sisters or sister should take as survivor not only the original bequest to such deceased sister, but also whatever such deceased sister may have taken as survivor of any other sister; in other words, that all the deceased daughter took as devisee under her father's will passed to her surviving sisters. The testator gives the "estate of" the daughter so dying, and not the original bequest. VIII. If the legacy to Catharine, who died in the lifetime of the testator, did not lapse, and the right of survivorship extended only to the original bequests of $1000, then Isabella took one-third of Catharine's legacy absolutely. Catharine's legacy was payable within six months after the testator's death, and it would be payable to the survivor in the same time. IX. It is submitted, therefore, that the rights of Isaac Beyea, as the administrator of Isabella his wife, are as follows: 1. He is entitled to the legacy of $1000, absolutely, and interest after six months from the testator's death. 2. He is entitled to one-third of the legacy of Catharine Crosby, absolutely. 3. He is also entitled to the one-sixth of the moneys coming from the estate of the father of the testator, on the "written instrument" mentioned in the will. 4. He is also entitled to one-third of the personal estate of Cyrenius Crosby, who died under 21 and without heirs, unless the court determines that Cyrenius took the personal estate absolutely, or that the limitation of it over was void for reasons already urged.

*J. W. Gott*, for Norris, the executor. I. The testator, Cyrenius Crosby, by the bequest of $1000 each, to his four daughters, Isabella M., Rachael N., Arminda H. and Catharine W., intended the $4000 to go to his said daughters; and upon the death of Catharine W., in the lifetime of the testator, the legacy to her did not lapse, but passed, under another clause in the will, to her surviving sisters, above named. (*Miller* v. *Warren*, 2 *Vern.* 206. *Darrel* v. *Molesworth*, *Id.* 378. *Ledrome* v. *Hickman*, *Id.* 611. *Roper on Legacies*, 117, *and the cases there referred to.* 2 *P. Wms.* 331. *Jeremy's Eq. Juris.* 107.) II. The share of the real estate devised by the testator to his son, Cyrenius Crosby, passed by the will, upon his death, under the age

Norris v. Beyea.

of 21 years and without heirs, to his surviving brother, and his share of the *personal* estate passed to his surviving sisters, according to the intention of the testator, plainly expressed in the will. III. The personal estate bequeathed by the testator to Isabella M., the wife of the defendant Beyea, passed, under the clause of the will relative to survivorship, to her surviving sisters, share and share alike. (*Same authorities as under the first point.*) IV. That part of the debt, (due to the testator from his father, Increase Crosby, deceased,) which was bequeathed to his four daughters, in equal portions, was set apart, by the plain intention of the testator, for his said daughters, and upon the death of either of them, under age and without lawful heirs, her share passed under the will, to her surviving sisters. The share of Catharine W., therefore, although she died before the testator, did not lapse, but remained, disposed of by the will, to her sisters. (*Same authorities as under first point.*)

*N. Reeve,* for the respondents Smith and wife, and infants. I. The legacy and bequest to Catharine W. Crosby, of $1000, and a share in the one-half of the moneys to be collected from the estate of the testator's father, did not lapse on account of her death before the testator. The legacy to her was limited over or given to her absolutely upon the happening of particular events. She dying before the testator, the property given to her by the will, or intended for her, vested in the other daughters in equal shares, upon the death of the testator, in the same manner as if it had been given directly to them with the other legacies to them, and subject to the same limitations over as are attached to the other legacies. The tenor of the whole will shows that the legacy and bequest to Catharine was one of a class of legacies given by the will to a particular class of legatees, and the testator clearly intends that the whole sum of $4000, given in separate legacies to his daughters, and the one-half of the moneys due from the testator's father, should belong to such of his daughters as should be living at the time of his death. The bequest of one-half of the moneys due from the testator's father to the sons, precedes the bequest of the other half of the same

to his daughters, and in this bequest the four daughters are named together. The real estate is all given to the sons, and limited over to the surviving son in case of the death of either of them, making the real estate a class of property set apart exclusively to the sons. Upon the death of either of the daughters, the legacy and bequest given to her is given to the surviving daughters : and upon the death of either of the sons, his share of the personal property is given to the surviving daughters ; all showing the intention of the testator to classify his property, and that his sons should not participate in the personal property beyond a life interest in the share of the moneys due from the testator's father. The construction to be put upon this part of the will may, perhaps, be more forcibly illustrated by supposing one of the sons to have died before the testator. Would it not have been clearly wrong to have decreed his share of the personal estate to have passed to his surviving brother in the residuum ? (1 *Roper on Leg*. ch. 8, § 3, *sub*. 3 ; *also ch*. 8, § 4, *and cases there cited.    Miller* v. *Warren*, 2 *Vernon*, 207. *Ledsome* v. *Hickman*, 2 *Id*. 611.    *Willing* v. *Baine*, 3 *Peere Wms*. 113.    *Lovett* v. *Buloid*, 3 *Barb. Ch. R*. 137.)    II. The legatees do not take the original legacies to them, (including the share intended for Catharine,) absolutely, until they have heirs, or arrive at the age of twenty-one. The words of the will must be understood, as far as practicable, to conform to its sense, and to make the whole consistent. As the testator has clearly expressed his intention to suspend the absolute ownership during the minority of the first taker, the direction as to the time of payment, in connection with such clearly expressed condition, can only be understood as expressing his intention to give to his daughters the use of the legacy in the meantime, during minority, and appointing a time for its payment to a trustee for that purpose. The testator has not made his executor a trustee, or even guardian for his children, nor has he appointed any trustee or guardian by his will, and we can well suppose that he did not intend to charge his executor with the care of the money, but that he did intend that his executor might be discharged from his trust in the ordinary time for settling an estate, or that his ex-

ecutor should give security if he retained the money in trust. (1 *Roper on Leg.* ch. 10, § 5. Butler v. *Butler,* 3 *Barb. Ch. Rep.* 304.) III. Upon the death of either of the children before arriving at the age of 21, and without heirs, his or her share of the personal property vests absolutely in the surviving daughters. This is the clear intention and expression of the will. The last clause of the will, giving all the estate of the daughters, in case of their death before arriving at 21 years of age, and without heirs, to the surviving brothers or brother, is in seeming contradiction to this principle, as well as to every other clause in the will. The court may give a consistent construction to the whole will, by leaving out this clause entirely, as inconsistent with the sense and meaning of other parts of the will, or as not sufficiently definite as to the intention of the testator. The testator might have looked to the possibility of his having only one surviving daughter at the time of his death. This clause of the will would give to the surviving sons or son, all the share or legacy of the last surviving daughter, which she would take originally by the will, subject to be divested upon her death. But this clause could not affect the share of moneys due from the testator's father, given to the sons and limited over in case of the death of either or both of them. If a testator creates several estates, some of which are well limited and others not, the good may stand while the bad must fall. This clause must be declared void or left out as uncertain, or the intervening life estates, after the life estates of the two first takers, must be declared void. (*Justice Bronson's opinion in Hawley* v. *James,* 16 *Wend.* 169. *Lovett* v. *Buloid,* 3 *Barb. Ch.* 137. *Mason* v. *Jones,* 2 *Barb. S. C. R.* 243. *Kane* v. *Gott,* 24 *Wend.* 641.) IV. The absolute ownership of any of the property is not suspended for a longer period than two lives in being. (*See the cases cited above. Root* v. *Stuyvesant,* 18 *Wend.* 257 ; *Justice Cowen's opinion, p.* 291 ; *Justice Nelson's do. p.* 267.) There is no trust estate created directly by the will. The power of alienation is not suspended ; because the persons named in the will could, by uniting, dispose of the property, even if the court should consider that the whole personal property was suspended

until the contingencies happened, or were passed, as to all the children.

BARCULO, J. The testator by his will *gives and bequeaths* to each of his four daughters the sum of one thousand dollars to be paid out of his personal estate within six months after his death. In a subsequent clause it was provided that in case either of the daughters should die before having attained the age of twenty-one years, and without lawful heirs, her estate was given to the *surviving sisters,* share and share alike. Catharine, one of the daughters, died in the lifetime of the testator, and the bequest to her did not lapse but passed to the three survivors, as was correctly decided at the special term. Isabella, another of the daughters, became the wife of Isaac Beyea, and died three years after the testator, but before attaining the age of twenty-one years, and without lawful issue. The first question which I propose to examine, and upon which I differ with the learned justice who decided this cause at the special term, is whether the legacy so given to Isabella passed, on her death to her surviving sisters, or to her administrator.

The bequeathing clause gives the legacy to Isabella absolutely, and six months after the testator's death it was payable; and there is no doubt that she could have enforced the payment at any time thereafter, during her lifetime. There is nothing in the will to postpone the time of payment beyond the six months. The legacy, therefore, became vested at the testator's death. For it is an absolute gift, with a fixed time of payment.

The testator having given the absolute property to Isabella and the legacy having vested at his death, he had not the power to divest it or limit it over after her death. For it is a well settled rule in regard to personal property, that all limitations over are void after an absolute gift of the property to the first taker. If a testator designs to control the personal estate beyond the lifetime of the legatee, he must give the first taker, in express terms, only a life interest, and prevent the legatee from obtaining the absolute possession and disposition of the

fund. This rule, I apprehend, results from the nature of the property. At all events it is established by authority beyond all dispute.

The case of *Patterson* v. *Ellis*, (11 *Wend.* 259) settles this principle. In that case the testator directed the sum of $20,000 to be placed at interest, and the proceeds to be applied in part to the education and maintenance of his daughter, and in case of her marriage the whole income was to be paid to her, and that after she attained the age of twenty-one years the whole sum should be at her free and absolute disposal; but if she died without leaving lawful issue, before she arrived at that age, he directed the whole sum to be distributed with the residum of his estate. The daughter having died without issue, before arriving at full age, it was held that the legacy vested in her, and that the limitation over was void as repugnant to the former provisions of the will; by which decision the legacy was recovered by the administrator as a part of her estate. Judge Savage delivered a masterly opinion, reviewing all the cases on the subject. The great point in controversy in that case was as to the *vesting* of the legacy, as the property was not given absolutely. The distinction was adverted to between legacies given absolutely, with the time of payment postponed, and legacies given at a certain future time. But in the case before us we are not embarrassed with any of these questions. Here the gift was simple and absolute. Even the time of payment was fixed at a period which occurred before the death of Isabella. And if by any possible construction we could make the time of payment be extended to her arrival of age, it would still fall within the principle of *Patterson* v. *Ellis*, and be a vested legacy with the time of payment postponed. It was not given to her *if* or *when* she arrived at full age, but was given to her *immediately*, and *payable at a future* time, and became vested at the death of the testator, as much as a right of property can be vested in any *chose* which secures money payable at a future day.

The administrator is therefore entitled to the $1000 given to Isabella and one-third of the legacy bequeathed to Catharine.

He is also entitled to the one-sixth of the moneys coming from the estate of the father of the testator on the written instrument mentioned in the will.

As Cyrenius Crosby, one of the sons of the testator, died a few days after his father, the legacies given to him had vested, and do not therefore, any part of them, pass to the representatives of Isabella, under the will. The rights of the parties in this respect depend upon the statute of distributions.

The decree must therefore be modified according to the foregoing principles, and the costs paid out of the estate of Cyrenius Crosby, the testator.

MORSE, J. concurred.

BROWN, J. dissented.

Decree modified.

[DUTCHESS GENERAL TERM, October 4, 1852. *Morse, Barculo* and *Brown,* Justices.]