By the Court, Robertson, Ch. J.
The sole, question which I deem necessary to consider in this case is, the propriety of the exclusion of the appointment of two appraisers of the extent of the loss of the plaintiffs, by the damage to their cigars by the fire mentioned in the pleadings, their appointment of a third, and the appraisal by the three. This was undoubtedly based entirely upon the failure of one of the plaintiffs to sign such appointment, and the idea that so unsigned it was void because they were partners.
I cannot perceive that the fact of such partnership was so clearly made out as to have entitled the court to withdraw from the jury all consideration of the evidence, and pronounce as matter of law that it was. The only witness on the subject was the plaintiff Brink. He testified that the firm of “Brink & Mehlen’’had formerly been composed of himself and Peter Mehlen, who died in February, 1865. That at the time of his death there was a subsisting agreement between them, that upon such death, the plaintiff, Otto Mehlen, who was a brother of Peter Mehlen, together with a brother of the other plaintiff, who was not a party to this action, should become partners in such concern, under which each should divide the profits.. But that no partnership articles were ever executed by the plaintiffs. The capital remained as it was before the dissolution of the firm by the death of Peter Mehlen. Besides the plaintiff Mehlen, the deceased had, as surviving relatives, a father, sister and brother. Ho administrator was appointed of his estate. The parties were changed in no respect. Every thing continued just the same, since before the first firm was formed, in June, 1863, the plaintiffs never met until October, after the fire. This is all the *121 evidence on the subject, except as to a division of profits, which I do not regard as speaking of a fact, but of the agreement with Peter Mehlen. There was none, that the plaintiff Mehlen ever became a party to his-brother’s agreement, or made a new one; or that he ever agreed to become liable for the losses, or became entitled to a share of the profits. ISTo action could have been maintained by third persons upon such evidence against both the plaintiffs, or by either against the other. There was certainly, therefore, no conclusive evidence of .partnership between the plaintiffs.
The answer admits that a policy was issued to the plaintiffs, but this would only give them a right of action in their joint names, and could not affect the power of the parties really interested in the loss, to submit the question of the amount to arbitration.
' But it will not be necessary to controvert any principle established in regard to the power of partners to bind each other by submissions to arbitration, in order to establish-the admissibility of the appointments of appraisers in this case as well as their award as evidence, even if the plaintiffs were partners. Such appointments and award are not pleaded in bar or as a defense to the action of the plaintiffs; if they had been, they might have been conclusive, because no reply was put in to them: if or are they the subject of an action to make the absent partner liable for any thing. They simply operate to render the contract of the defendants to pay uncertain damages certain, by liquidating them, and thereby reduce the amount claimed by. the plaintiffs. They were made pursuant to the very contract on which the plaintiffs bring their action, and upon which, and not on the award, even if they had adopted it, they would still have been obliged to bring such action.
The reasons adduced, in all elementary works, and sanctioned' by courts, against the power of one partner to bind another by submission to arbitration are said to be *122 two fold; first, because such power does not come within the scope of the. ordinary business of a partnership, or the authority necessary to be vested in each partner to carry it on, and in the next place, because the award might compel a partner to do what otherwise he would not be bound to perform. (Story on Part. 191. Gow on Part. ch. 2, § 2, p. 66. Coll. on Part. 470. 3 Kent’s Com. 4th ed. 44. Adams v. Bankhart, 1 Cr. Mo. & Rosc. 68. Harrington v. Higham, 13 Barb. 660. S. C. 15 id. 426.) To these has been added a third, by way of suggestion, by Justice Story, in his work on partnership, (191,) in which he is followed in Kent’s Commentaries, (ubi supra,) to wit, that the means whereby established courts of justice investigate the merits of a case, by proper legal proofs and testimony, being much better • than those of arbitrators, which he assumes to be very narrow, and often wholly inadequate, it is not to be presumed that partners mean to waive their right to ordinary legal remedies, unless by some special delegation of authority to that effect, however informal. Neither of the first two reasons, even if they are distinct ones, would be applicable to the submission to arbitration of an amount due to partners. For the compromise of debts' is within partnership authority, and must include the'lesser power of submitting them to the decision of others. By such arbitration no liability could be imposed on the party not signing; all the decided cases upon this point relate only to actions against partners, on an award, for positive relief. As to the third reason, if it be consistent with the favor shown to arbitrations and awards, (Munro v. Alaire 2 Cai. 320,) it would not apply where by the very instrument out of which the partnership claim arises, it is provided that such claim shall not be payable until a dispute respecting it has been submitted to arbitrators. That is surely as good as a ratification would be. (Mackay v. Bloodgood, 9 John. 285.) But there is a saving clause even in the statement of such reason, to wit, that even an informal delegation of special *123 authority is sufficient, and surely the terms of the instrument must he considered as such. If insuring be part of the partnership business, the power of insuring in the city of New York, so as to subject claims under a policy to appraisers, must be part of it also, as no policy is issued without such a provision, and I apprehend but few insurances would be affected, if by reason of one partner residing abroad, such submissions could not be made.
But beyond all this, the submission and appraisement in this case was not a determination of the final rights of the parties; an arbitration and award, upon which alone an action could be brought. It was a mere reference of a collateral fact, to wit, the extent of the damage, a distinction fully recognized in Elmendorf v. Harris, (5 Wend. 521, per Savage, ch. J. and note at end of case, p. 522;) Garr v. Gomez, (9 id. 649, 661;) and Harris v. Bradshaw, (18 John. 26.) The mode of submitting the liability of the defendants to ordinary courts was not changed. There is scarcely a day in which, in commercial transactions, the valuation of property of estimate of damages is not entrusted to third parties, and no one has yet dreamed of looking upon them as arbitrations, and subjected to all the formalities imposed on them by the Revised Statutes, (2 R. S. 541, §§ 1-25; Bulson v. Lohnes, 29 N. Y. Rep. 291;) with the paraphernalia of oaths, witnesses and notices of trial. It is most. frequently confided to the personal skill, knowledge or experience, or even acquired information of appraisers, and even in case of a statutory delegation of authority as between the public and individuals, (Matter of John and Cherry streets, 19 Wend. 659,) they may rely on their personal inspection and appraisal.
But even if such appraisal was not binding on the plaintiff Mehlen, it was admissible as against his co-plaintiff, as to his share of the damages. That limitation and effect is conceded in all the cases. The plaintiff Brink had power to bind that share, and did it. (Harrington v. Higham, *124 15 Barb. 426.) As there is no evidence as to his share of the profits of the firm, the verdict cannot be modified, and there must be a new trial.
Judgment and order reversed, and a new trial granted, with costs to abide the event.