HARRIS           Motion for a new trial denied.
v.
BRADSHAW.

                                          Judgment for the plaintiff.

———⟐⟐⟐———

### HARRIS *against* BRADSHAW.

No action
lies upon a *re-*
*port of referees*
made pursuant
to a rule of a
Court of Com-
mon Pleas, en-
tered *by con-*
*sent* of the par-
ties in an ac-
tion of *assump-*
*sit*, though the
cause did not
require the ex-
amination of a
long account,
nor was it re-
ferable under
the statute.
For it is not an
*award,* and the
party is con-
cluded by the
rule of refer-
ence entered
by his consent,
from alleging
that it was not
referable un-
der the statute;
and the Court
might     give
judgment on
the report, it
being in a suit
on a *contract;*
though if it had
been an action
for a *tort,* the
jurisdiction of
the Court o
refer it, might
be objected to.

THIS was an action of assumpsit, on the report of refe-
rees.   The declaration stated a special contract between
the parties, by which the plaintiff sold to the defendant 110
pine trees, &c. for which the defendant was to give one dollar
each, &c!; on which contract, the plaintiff, in *May,* 1811,
brought an action of assumpsit against the defendant, in the
Court of Common Pleas of *Washington* county, in which
the defendant pleaded non assumpsit; that on the 9th of
*December,* 1815, by the consent of the parties, a rule was
entered in the Court of Common Pleas, ordering the cause
to be referred to three referees named, and that they, or
any two of them, report thereon; that the cause did not re-
quire the examination of a long account, nor was it refera-
ble under the statute; that the referees met and heard the
parties, and two of them signed a report in favour of the
plaintiff, for 93 dollars and 41 cents, whereby an action had
accrued, &c.   The case further stated, that on this report a
judgment was entered in the Court of Common Pleas, which
was afterwards vacated, but for what cause did not appear.
The case was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court.   This
is an action of *assumpsit* on the report of referees, or, as the
plaintiff contends, on the award of arbitrators.

The plaintiff insists, that as the original action did not in-
volve the examination of long accounts, it was not referable
under the statute, and that therefore it may be treated as a

submission to arbitration, and then it becomes a proper subject of an action.

I am satisfied, that had the Court of Common Pleas given judgment for the plaintiff on the report, that such judgment would have been above all exception ; for although, strictly speaking, the case might not have required the examination of long accounts, the consent of the parties to a reference would have concluded them from making the objection, because, it being an action of *assumpsit*, there might have been long accounts. The reference was an admission that the case was within the act, and the Court of Common Pleas would never have listened to an objection to the contrary. Had the action been in *tort*, then the objection to the jurisdiction of the Court to refer the cause would have been open to either party, on a writ of error.

I do not think the plaintiff can treat the report as an award, and sue upon it. The differences between the parties were not referred, but the cause pending in Court was referred ; and so the parties considered it, for the plaintiff entered a judgment. This judgment was vacated, upon what grounds we are not informed, but we must intend for good and valid reasons ; and it appears to me that the vacating the rule for judgment annulled the report. The Court of Common Pleas had jurisdiction, and their rule, unless itself vacated, put an end to the effect of the report.

This left the plaintiff where he was before, at liberty to go to trial in the original cause. We are, therefore, of opinion, that this action on the report cannot be sustained.

Judgment for the defendant.