## WILLIAM HAYES *vs.* AARON BLANCHARD, JUN.

A submission of an action to arbitrators, after an appeal therein, does not necessarily deprive the plaintiff of his right to enter his complaint for affirmance, unless there is an award made before court, or unless the terms of the submission allow a time, in which to make an award, which extends beyond the term of the court to which the appeal is taken.

The complainant in an *audita querela* will not be permitted to prove any cause for setting aside an execution or a judgement, other than such as are set up in his complaint.

This was a writ of *audita querela*, in which the complainant alleged, that said *Blanchard* brought an action of trespass against him, the said *Hayes*, for taking away a horse, which *Hayes* had

taken upon a writ as the property of one Cephas Blanchard ; that said action was brought before a justice of the peace, and tried ; and *Blanchard* recovered judgement against *Hayes* for the value of the horse. This was on the ninth day of March, 1830—That *Hayes* appealed from said judgement to the county court, then next to be holden in said county, on the last Tuesday of May then next—That, after said appeal, and before said term of the court, " in consideration that the complainant agreed that he would not enter his appeal at said term of the county court, *Blanchard* agreed with the complainant, to submit the action to the final arbitrament and award of Elijah Aikens and Jesse Gibbs." And the complainant averred, " that, in consequence of said agreement, he did not enter said appeal, but he submitted said action to, and has ever since been ready and willing to abide the award of, said arbitrators in the premises aforesaid ; but that *Blanchard*, in violation of his said agreement, and without the knowledge or consent of the complainant, entered said action at the said term of the county court, and procured the affirmance of said judgement, and took out a writ of execution upon the same, with additional costs," &c. The complaint then stated the taking out execution and arresting the body of the complainant upon it.

The defendant pleaded the *general issue,* not guilty, with a notice that he should give special matter in evidence. The complainant's testimony tended to prove, that on the tenth of March, the next day after the said action was appealed, the parties submitted the action to the arbitrament and award of Elijah Aikens and Jesse Gibbs, generally, by parol, without any time specified, in which an award was to be made, or published, with full powers for said arbitrators to decide between the parties, with a view to a final settlement of the suit ;—that the arbitrators and parties forthwith met at the house of said Aikens to attend to said business ;—that *Blanchard* presented his claim for the horse, and, after a full hearing upon this claim, the arbitrators made and published their parol award, that *Hayes* should deliver back, and *Blanchard* should receive, said horse ;—that a further question was then raised, and submitted to said arbitrators for their decision, what damages, if any, *Hayes* should pay to said *Blanchard* for the detention of the horse ? and that on this point the arbitrators reported, that they were unable to agree ;—that the parties then talked of agreeing upon a third man, but failed to agree ;—that the parties separated, and went to the middle of the town, about one mile, where there were courts held that day. It appeared in ev-

WINDSOR,
January,
1832.

Hayes
vs.
Blanchard.

WINDSOR,
February,
1832.

Hayes
vs.
Blanchard.

idence that no other award was made than as above. Defendant then introduced evidence, which went to the jury without objection, tending to show, that, just as the parties left Aikens' for the middle of the town, *Hayes* said to *Blanchard*, "I shall send back the horse";—that *Blanchard* replied, "if you do, I sha'nt take him. I had rather let it trundle." Plaintiff then offered one Lyman Stewart to prove that, either whilst the parties were going from Aikens' to the middle of the town, or after having arrived there, and within one hour after they left Aikens', the parties concluded to comply with the award, so far as made, to wit, "that *Blanchard* should take back the horse;" and by mutual agreement completed what was left unfinished by the award of the arbitrators, and agreed that *Hayes* should send, and *Blanchard* take back, the horse pursuant to the award of the arbitrators, and that the suit should be considered settled;—that *Blanchard* should claim nothing for detention, nor *Hayes* for keeping;—that the horse was sent back by *Hayes*, and received by *Blanchard*, accordingly, on the same tenth day of March. To all which testimony the defendant's counsel objected, and the court excluded it from going to the jury.

The plaintiff's counsel requested the court to charge the jury, that, if they should believe the parties made a general parol submission of the suit, as alleged in the complaint, without a day fixed by the parties, within which said arbitrators were to publish an award, and that defendant, *Blanchard*, entered said appeal as alleged, plaintiff was entitled to recover, unless defendant had shown to the jury an express revocation of said submission, or notice to the opposite party, that the appeal would be entered in the county court, before it was in fact entered. But the court instructed the jury, that, unless there was a submission by bond with a penalty, or in some way so formed as expressly to secure its going past court, plaintiff was not entitled to recover, unless he had both alleged in his complaint, and proved on trial, as well a submission as an award under said submission, which of itself would put an end to the suit; that the plaintiff in this complaint, under such a parol submission, was not entitled to any notice from defendant of his intention, before entering said appeal for affirmance; but that the plaintiff was bound to see to it, that an award was made by said arbitrators; and, without it, this defendant was justified in entering his appeal without notice to plaintiff. A verdict was returned for the defendant. The plaintiff filed exceptions, and removed the case to this Court, and prayed for a new trial.

Windsor,
February,
1832.

Hayes
*vs.*
Blanchard.

*E. Hutchinson, for the plaintiff,* contended, That when judgement is obtained before a justice of the peace, and an appeal is taken, and, before court, the suit is mutually agreed by the parties to be submitted to the final arbitrament and award of men agreed upon, that the action is *thereby, ipso facto,* out of court, until a revocation; and that either party is entitled to notice before the action is entered by the other : and this, whether the submission be by *parol,* or otherwise ; and cited, 1 *Swift's Dig.* 473, 464, 467 ; *Mott* vs. *M'Neil,* 1 *Aik. Rep.* 162 ; *Mason* vs. *Silver, Id.* 367 ; *Eddy* vs. *Cockran, Id.* 359. He also contended that a new trial should be granted for the exclusion of Stewart's testimony offered by the plaintiff; and cited *Hubbard* vs. *Wheeler,* 2 *Aik. Rep.* 364 ; *Collier* vs. *Moulton,* 7 *Johns. Rep.* 109.

*Mr. Collamer,* was heard in reply.

HUTCHINSON, C. J., after alluding to the principal facts in the exceptions, pronounced the opinion of the Court.—The principal question in this case is, whether the action was so ended by the submission to arbitrators, and their proceedings, that *Blanchard* had no right to enter his complaint for affirmance. The submission described does not carry the case by the court, to which the appeal was taken. There is no time set for the award to be made, nor any security to *Blanchard* for the recovery and collection of his demand, if there was no award before court, nor any judgement in court. The parties and arbitrators were together forthwith after the submission was agreed upon ; and all the arbitrators did was done the same day ; and they all separated, with no apparent intention of ever convening again upon the subject. Thus it rested till court, which was over two months and a half. That part of the complaint is not proved, which states *Hayes'* promise not to enter the appeal. For aught that appears in the case, his right to enter the appeal was unembarrassed, unless there should be an award upon the whole merits before the time of the court's sitting. It is not even contended, that the award, so far as made and published, covered the whole ground and put an end to the suit : and nothing appears that either party was in fault, more than the other, on the subject of the failure to settle the suit by award. Under all these circumstances, the Court are of opinion, that, in order to take away the right of either party to enter the action in the county court, there must have been both a sub-

WINDSOR,
February,
1832.

Hayes
vs.
Blanchard.

mission and award, wholly settling the controversy ; or else there must have been a submission on such terms as gave the arbitrators a time in which to make their award, extending by the county court to which the appeal was taken. Neither of these can be inferred from any testimony in the case. Indeed, considering how soon after the appeal the arbitration was agreed upon and holden, and how long and quietly it rested from that event till court, the most natural inference is, that both parties considered the arbitration at an end.

Another question arises upon the exclusion, by the county court, of the evidence offered to prove a settlement by the parties, affirming the award so far as made, and closing the rest by their mutual agreement. This appears to the Court to be an entire new ground for setting aside the judgement and execution, which is not named in the complaint : and, if it be a tenable ground, it ought to have been stated in the complaint, so that the defendant might come prepared to answer it. This ground is as variant from that set up in the complaint, as any one contract is variant from another. But it is said this special matter comes in to rebut the matter of the special notice of the defendant. We think, however, that the special notice has had no effect to render this testimony admissible. The matter of this special notice was nothing but what the complainant needed to prove on his part, except, that the agreement of submission was, that the award should be made within two days from the time of the submission ; and the defendant introduced no testimony tending to prove this. It appears, that the trial proceeded just as if this notice had not been filed.

We discover no error in the judgement of the county court, and the same is affirmed.