ALBANY,<br>Oct. 1834.<br><br>Towns<br>v.<br>Wilcox.

Judgment affirmed.

---

## Town vs. Wilcox.

A *submission to arbitration* is a discontinuance of a suit, and if *after* the commencement of a suit, and *before* plea pleaded, all actions, &c. be submitted to arbitration, the defendant may plead the fact, in bar of the *further maintenance* of the suit.

Such plea not being a plea *puis darrein continuance*, of course is not subject to the rules governing that plea.

DEMURRER to pleas. In May term 1831, the plaintiff declared in assumpsit. The defendant imparled until May term 1832, when he pleaded, 1. the general issue, and 2. that the plaintiff ought not *further* to have or maintain his action against him because, since the commencement of the suit, to wit, on the 12th July, 1831, the parties mutually entered into bonds to each other, whereby they *submitted to arbitration* all, and all manner of action and actions, &c. wherefore he prayed judgment, if the plaintiff ought *further* to have or maintain his action, &c. There were two other pleas, similar to the second. To the second plea the plaintiff, calling it a plea *puis darrein continuance*, demurred and assigned as special causes of demurrer, 1. That it was pleaded with the *general issue*, and with two other pleas *puis darrein;* 2. That the plea does not state the day of the commencement of the suit; 3. That it is double ; 4. That there is no *profert* of the submission, though alleged to be under seal; 5. That only two of three arbitrators heard the proofs, &c.; 6. That there is no *profert* of the award, though alleged to be under seal ; 7. That it is not alleged that the matter pleaded arose since the last continuance; and 8. That it is not alleged that the award was duly published. There were demurrers also to the third and fourth pleas and similar special causes.

ALBANY,      . C. P. Kirkland, for the plaintiff.
Oct. 1834.

Beebe        J. A. Spencer, for the defendant.
v.
Bull

By the Court, SAVAGE, Ch, J. The pleas are all good, considered in reference to the object for which they were pleaded. ·They are not pleaded *puis darrein continuance*. When matter of defence arises after the commencement of the suit, it cannot be pleaded in bar of the action generally ; but if before plea pleaded, it must be pleaded to the *further maintenance* of the suit.  1 Chitty's Pl. 635.  A plea *puis darrein continuance* sets up some matter arising *after* plea pleaded. The rules which govern such pleas are not applicable here.

The object of the pleas was to show a discontinuance of the suit ; and that was done by showing that the suit, and all matters in difference, were submitted to arbitrators generally, without any stipulation to enter judgment upon their determination.  2 Wendell, 506.  18 Johns. R. 22.

Judgment for defendant.