By the Court,

Bronson, J.
When the defendant pleads puis darrein continuance, the plaintiff may reply or demur, and then the cause must proceed to a final determination. If judg ment is rendered for the plaintiff, he will' recover his debt or demand with costs. If the defendant has judgment, he will re cover costs. But as the action was well founded at the first, he will, perhaps, only be entitled to such costs as have accrued subsequent to the plea. (Littleton v. Cross, 4 Barn. & Cress. 117.) if the plaintiff neither replies nor demurs, he virtually admits that the plea is true, and that the matters stated in it constitute a good bar to the further maintenance of the action. Both parties are agreed that the suit ought not to proceed. The defendant says so by his plea, and the plaintiff admits the allegation by his silence.
Although the defendant may plead any good bar, such as payment or a release, which has arisen after issue joined, it does not follow that he will in all cases be entitled to go on and take judgment by default, and thus compel the plaintiff to pay the costs of the action. When such a plea is received, the plaintiff has the option of submitting or proceeding with the action. (Per Bailey, J. in Littleton v. Cross, 4 Barn, & Cress. 117.) If he proceeds, he does so at the peril of paying costs. If he submits, he is chargeable with no fault, and should incur no penalty.
It often happens that the defendant, being unable to gainsay the justice of the plaintiff’s demand, pays the debt, .or in some other way settles the suit, and both parties agree, either expressly or tacitly, that the action is at an end. To allow the defendant in such a case to plead the payment, and compel the plaintiff to reply or demur, would work the grossest injustice. The effect would be to throw the costs on the plaintiff after the defendant had admitted that the suit was properly brought, and agreed that it should be terminated.
*389 It cannot often be necessary for the defendant to plead any defence arising after suit brought, for should the plaintiff go on after the suit has been settled, his proceedings will be set aside, on motion, for irregularity. Still, as the plaintiff may either deny the,existence of the fact on which the defendant relies, or insist that it does not constitute a good bar to the action, the defendant may, for more abundant caution, put in a plea. But he will not be entitled as a matter of course to enter the plaintiff’s default for not replying, and proceed to judgment. If he wants any evidence in court that the suit is at an end, he may apply to the plaintiff after the usual time for answering the plea has expired, to enter a rule discontinuing the action. If that is refused, the defendant may move the court, and a discontinuance will either be ordered, or the defendant will tie allowed to proceed to judgment by default on his plea, and the plaintiff will be required to pay the costs of the motion. This practice will, we think, be more likely than any other to do exact justice to both parties.
I have thus far been speaking of a case where the plea puis sets up matter which constitutes a good bar to the action. In such a case we think the defendant should not go on to judgment as a matter of course, and without moving the court. But there was still less reason for a judgment in this case. The matter set up in the plea did not constitute a bar to the action, and the plaintiff might have demurred with safety. The defendant did not plead a submission and award,(a) but a submission merely. According to our cases, the submission worked a discontinuance of the action. (Larkins v. Robbins, 2 Wend. 505. Dederick v. Richley, 19 id. 108, and cases cited.) The suit was at an end, unless the parties had after-wards waived the discontinuance by going on with the action by common consent. (The People v. Onondaga C. P. 1 Wend. 314.) If the plaintiff without a waiver, on the part of the defendant had gone on and taken a step in the cause, the pro *390 ceeding would have been set aside for irregularity. A motion, not a plea, would have been the appropriate remedy of the defendant. The fact alleged in the plea only showed that the suit was but of court, not that the action was barred. And yet the submission, like payment or a release, was pleaded in bar, and the defendant has gone on and taken a judgment which, if it is allowed to stand, will effectually preclude the plaintiff from ever having another action. By the" submission, although it was immediately revoked, the plaintiff has not only been turned out of°court, but he has lost his cause of action, so that he can never sue again. It is quite clear that the judgment must be set aside.
In regarding this as a proper case for pleading in bar, it is not improbable that both parties may have been misled by the cases of Towns v. Wilcox, (12 Wend. 503,) and Green v. Patcken, (13 id. 293.) In the first case, a submission to arbitration was pleaded, and on demurrer judgment was rendered for the defendant. In the other case, the defendant pleaded an agreement to refer a cause which was not referrible under the statute, and on demurrer judgment was rendered in his favor. But it is evident in both cases, as well from the terms of .the special demurrers, as from the remarks of the learned chief justice, that the attention of the court was only called to the question whether the pleas showed that the suits had been discontinued ; and it was held, in accordance with former decisions, that a submission to arbitration, or an agreement to refer a cause which is not referrible under the statute, amounts to a discontinuance of the suit. These cases must not be considered as having decided any thing more than I have mentioned. Had the point been made that the matter set up by the defendant was not pleadable as a bar, but should have been taken advantage of by motion, it cannot be doubted that judgment would have been given for the plaintiff, instead of the defendant.(b)
*391 The proper course will be to set aside the judgment, and direct a discontinuance of the suit.
Ordered accordingly.

 See West v. Stanley, (1 Hill, 69.)

 This point was considered by some of the members of the court for the correction of errors in Wells v. Lain, (15 Wend. 99,) though not definitely *391 settled. The chancellor’s opinion, (id. 101,) is strongly in favor of the doctrine held in the principal case, viz. that a mere agreement to submit a cause to arbitration is but a consent to discontinue, or take the cause out of court, and if the plaintiff afterwards attempt to proceed in it, the proper remedy of the defendant is by motion. Tracy, senator, (id. 109,) seems to have thought that such an agreement might be pleaded in abatement. He held, however, that under the particular circumstances of the case, it was too late to raise the question.