MOOERS, *Adm'r, versus* ALLEN.

An action pending in Court is discontinued by a common law submission of it to arbitrators.

A plaintiff died after having entered into such a submission, and after having assigned her interest in the claim. The arbitrators, afterwards, at the suggestion of the assignee, heard the cause and awarded in favor of the deceased, the administrator taking no part at the hearing. — *Held*, that an action brought upon the award, in the name of the administrator, is unsustainable.

Mooers *v.* Allen.

ON FACTS AGREED.

DEBT upon an award.

The defendant's intestate, Polly Allen, was plaintiff in a suit pending in the District Court against this defendant. The parties referred the claim made in that suit, together with all other demands, by a written common law submission, to the determination of arbitrators.

The arbitrators met the parties and, for their own convenience, adjourned the hearing to a subsequent day. Polly Allen then transferred all her right and interest in the demand to one Ira Thing. Afterwards, before the arrival of the day to which the hearing was adjourned, she died.

The plaintiff was appointed administrator on July 8. After that appointment, the arbitrators issued new notices directed to Polly Allen and to the defendant, for a hearing on the 3d of August, on which day the defendant and also this plaintiff attended. The defendant filed a plea, protesting that the death of Polly Allen had annulled the jurisdiction of the arbitrators. They however proceeded to hear the cause, and made an award in favor of Polly Allen, being the award upon which this action is brought, for the benefit of Ira Thing.

It does not appear, that, upon that hearing, this plaintiff took any part, nor was his name used by the arbitrators in any part of their proceedings.

Upon these facts the cause was submitted to the Court for adjudication.

*Bean*, for the plaintiff.

The submission was at common law ; no bonds were given between the parties, and the only remedy is by action on the award. *Tyler* v. *Dyer*, 13 Maine, 41 ; *North Yarmouth* v. *Cumberland*, 6 Maine, 21.

The award will be sustained, unless there was gross partiality, corruption or evident excess of power on the part of the arbitrators, of which no pretence is even suggested. *Morgan* v. *Mather*, 2 Ves. 15 ; *Barlow* v. *Todd*, 3 Johns. 363 ; *Yarmouth* v. *Cumberland*, 6 Maine, 21 ; *Tyler* v. *Dyer*, 13 Maine, 41 ; *Dean* v. *Coffin*, 17 Maine, 52.

The case distinctly finds all the facts necessary to the maintenance of an action upon the award.

*Kempton,* for the defendant.

As the submission contained no stipulation that it should survive, it was revoked or annulled by the death of Polly Allen. Kinne's Law Compendium, Jan. No. 1845, p. 11; *Bailey* v. *Stewart,* 3 Watts & Serg. 460; Story's Pl. Tit. Pleas in bar, 167; 2 Barnwell & Creswell, 345.

RICE, J. — Prior to April 5th, 1850, Polly Allen, the plaintiff's intestate, had commenced an action at law against the defendant. On that day the parties, in writing, agreed to refer that suit with the costs in the same, and all demands between the parties, to arbitrators, the report of whom, or a major part of whom, made as soon as may be convenient, to be final.

This being a submission, not under the statute nor under a rule of court, but at common law, was a discontinuance of the action then pending. *West* v. *Stanly,* 1 Hill, 69; *Towns* v. *Wilcox,* 12 Wen. 503; *Ex Parte Wright,* 6 Cow. 399.

During the life of Polly Allen, the arbitrators, upon due notice, met the parties in interest, and after a hearing, for their own convenience and satisfaction, continued said hearing until some time in May, 1850. Before the day of adjournment arrived, Polly Allen deceased. After her decease, but prior to the third day of August, 1850, the arbitrators issued a new notice to the parties, in the name of Polly Allen, for a further hearing, on said third day of August, and they appeared upon said notice, whereupon the defendant filed a plea in bar or abatement, to the jurisdiction of the arbitrators, based upon the fact of the death of said Polly Allen, which plea was overruled by the arbitrators, who proceeded with the hearing, and on the sixth day of the same August made an award in favor of Polly Allen, and in her name.

The plaintiff was appointed administrator of the estate of Polly Allen, July 8, 1850, but does not appear to have taken

any part in the hearing before the arbitrators, nor was his name used by them, in any of their proceedings.

The case further finds that after the agreement to refer was entered into and before the first hearing, the plaintiff's intestate assigned all her right, title and interest in the claim, action and demand referred, to Ira Thing, who was sole owner of the same at the time of the several hearings before the arbitrators, and at the time of making and publishing their award, and that the claim was prosecuted for his sole benefit and interest.

The agreement to submit is a naked personal contract between the plaintiff's intestate and the defendant. It contains no provisions or stipulations authorizing her assignee or other representative to act in her behalf or in her name in the prosecution of this claim before the arbitrators. Her administrator did not assume to act in the premises, nor was his name used in the proceedings. Under such circumstances the arbitrators have no authority to proceed against the protestations of the defendant. *Blundell* v. *Bretargh*, 17 Ves. 231 ; 2 B. & C. 345 ; Story's Pl. 167. This award therefore cannot constitute a foundation on which this action can be maintained. A nonsuit must therefore be entered.

SHEPLEY, C. J., and WELLS, HOWARD and HATHAWAY, J. J., concurred.