CHAPMAN *versus* SECCOMB & *al.*

The intention of the parties to a contract, is to be regarded in its construction, and that intention is to be ascertained from the whole instrument.

Where the parties to a suit pending in Court, agree in writing to refer it, with stipulations that it shall be withdrawn, each party to pay his own cost; if one of the referees declines to act, the agreement becomes inoperative, and the action may stand for trial.

And whether one of the referees refused to act, may properly be left to the determination of the jury.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT. Plea, general issue and brief statement, in substance that *this action* had been settled on March 10, 1851, as by the agreement signed by the parties, a copy of which follows : —

"Newcastle, March 10, 1851.

" We, the undersigned, parties in the suit of Nath'l T. Chapman and Seccomb, Taylor & Co. and others, with reference to the brig Itasca, hereby agree to refer the above suit to the arbitration of the following gentlemen, viz, Alexander Teague, William P. Harrington, and to abide by their decision, and to withdraw the suit from the District Court, now pending in Lincoln county, each party paying their own costs; and the said Chapman hereby agrees to warrant and defend said Seccomb, Taylor & Co. against any further proceedings of any name or nature pertaining to his bill against

said brig Itasca and owners.   The above named referees are
at liberty to choose a third in case of disagreement.

       " Nathaniel T. Chapman,

       " Seccomb, Taylor & Co."

 After this agreement was read, the plaintiff called Wm. P.
Harrington, who testified, that he was referee, he did not de-
cline to act as referee.   Both of us went into the office and
looked over the book and came to no conclusion.   He then
declined.

Defendant contended that, that part of the agreement by
which the parties agreed to withdraw the suit from Court,
was binding, even if the referees declined to sit ; and further,
that the referees by going into the office and looking over
the books did accept of the trust, and having so done and
commenced action and investigation, they were not at liberty
to decline.

But the Judge instructed the jury, that if they should be-
lieve that either of the referees refused to act, the agreement
to refer would become inoperative and could not prevent the
maintenance of the suit.

To this ruling and instruction the defendants excepted.

*M. H. Smith,* for the defendants.

By the written agreement of March 10, 1851, signed by
plaintiff and defendants, the parties agreed, 1st, to refer the
suit to two referees, these referees met the parties, looked
over the book and *then* declined.   By meeting the parties
and looking over the book the referees accepted the trust, and
were not at liberty to decline after accepting, and the jury
should have been thus instructed.

By said agreement the parties also agreed, 2d, to withdraw
this suit from Court, each party paying their own costs.   This
was an agreement independent of any other than the agree-
ment to refer, and the jury should have been permitted to
have passed upon this agreement.

*A. P. Gould,* for the plaintiff.

1. The agreement was for a disposition of the action in

Court, *by a reference* to the individuals named. The contract is *entire* and to be considered *as a whole.*

2. The just and reasonable construction of it, is, that upon the *reference* being completed, the action was to be disposed of in Court. That reference could only be completed by an acceptance of the trust by the referees. They refused to act, and the agreement became a nullity. It would be absurd to give the agreement such a construction as to deprive the plaintiff of all his legal rights in case the referees refused to act.

3. It is a familiar principle, that the construction of a contract shall be *reasonable,* and that the situation and *true intent* of the parties, and the *subject matter* are to be considered, in determining its meaning. Chitty on Con. (4th Am. Ed.) p. 63, and note 1, and authorities cited in note.

4. It was an agreement to *refer* the action, and the additional stipulations merely had reference to the mode in which the agreement was to be carried out.

Rice, J. — In the construction of contracts, regard should always be paid to the intention of the parties; and that intention should be ascertained by a consideration of the whole instrument. In this case the parties were litigating their rights in a court of law. It was manifestly their intention to put an end, not only to the existing suit, but to all further litigation arising out of the same subject matter. To this end they agreed to refer this action to the arbitrators, to abide their award, to withdraw the suit from court, and the plaintiff warranted against any further proceedings, pertaining to his bill, adverse to the brig Itasca and owners.

These several propositions are evidently dependent upon each other. It was intended by the parties to be in full, not a partial settlement of all matters in relation to plaintiff's claim upon the Itasca and her owners. The determination of the pending action was the basis upon which all the other agreements depended.

Neither party had the power to compel the arbitrators to

accept the trust confided to them.   The refusal of those arbi-
trators, or either of them to act, rendered it impossible for the
parties to proceed under their agreement, and consequently
discharged the agreement itself.   Whether there was a refusal
on the part of either of the arbitrators to act in the premises,
was matter of fact, simply.   This fact was properly left by
the Court to the determination of the jury.

*Exceptions overruled.*

HOWARD and HATHAWAY, J. J., concurred.