CHARLES CROOKER *& al. versus* RICHARD P. BUCK.

A common law submission of matter in controversy, in a suit pending in court, and a report of referees thereon, operate as a discontinuance of the suit.

A statute submission, in this State, is an independent proceeding, having no relation to the original action; it requires another entry, and is the subject matter of an independent judgment and execution.

No valid judgment can be rendered on the report of referees in a statute submission, except by consent, without allowing to the aggrieved party the time prescribed by statute, in which to present exceptions.

Such report must pass through all the ordeals of the law, before it can have full force, and until then the statute submission is not a *bar* to the pending suit.

Whether the statute submission operates as a *discontinuance* of the pending suit, either before or after judgment is entered on the report therein, *quære.*

ON REPORT from *Nisi Prius*, GOODENOW, J., presiding.

ASSUMPSIT for money had and received. After the plaintiffs' evidence was in, the defendant offered a statute submission of the matter in controversy, and an award thereon, made out of Court, after the action for the same cause was commenced, and contended that this proceeding operated as a discontinuance of the suit; and thereupon he moved that it be dismissed. The Court admitted the submission and award in defence, but overruled the motion.

The plaintiffs then offered to impeach the award before the jury, but the Court refused to allow it. The trial was then suspended to give plaintiffs' counsel an opportunity to present his objections to the submission and award, and the hearing was had. The plaintiffs' counsel contended that the question of fraud, corruption and partiality, on the part of the referees, he had the right to have passed upon by the jury; but the Court overruled the point, and all other objections. The award was accepted and an entry ordered to be made on the docket to that effect.

The Court then resumed the case on trial before the jury and ruled that the submission and award then constituted a perfect defence or bar to the action. The presiding Judge also ruled that he had no power to order a nonsuit, as there was evidence on both sides.

By consent of parties, the case was then taken from the jury, to be reported to the law Court, with the agreement that if any of the rulings were erroneous, or the award was improperly accepted, said acceptance of said award was to be set aside and a new trial was to be had. But if the rulings were all correct and the award was properly accepted, and plaintiffs had no right to submit the question of fraud in the referees to the jury at any stage of the proceedings, then such judgment is to be rendered, both in the action and as to the award, or such other disposition of the case and the award made, as the legal rights of the parties entitle them to.

Crooker *v.* Buck.

*A. Merrill,* for plaintiffs, among other considerations, argued:—

1. That after the Court had decided that the reference "*unaccepted* was *not* a bar to the action, and did not operate as a discontinuance of it," the defendant had no right to go any further, for this was all that was set forth in his specification of defence.

2. The reference, under the circumstances of this case, was intended by the parties as a mode of settling the amount of damages for which judgment should be rendered in the action, and nothing more. As such it was equivalent to a reference entered into under a rule of Court. The Court may set it aside for the same reasons as one made under a rule of Court or under the statute, viz., for mistakes of law or of fact, or for excess of power, or for fraud, corruption and partiality in the referees. *North Yarmouth* v. *Cumberland,* 6 Greenl. 21; *Chapman* v. *Secomb,* 36 Maine, 102.

*Bronson & Sewall,* for defendant, contended that,—

1. The submission of the subject matter of the action operated as a bar, or rather discontinuance, of the action pending in Court. 5 Phillips' Ev., note 240, p. 149, and cases there cited; 15 Wend. 99; 12 Wend. 503; *Moores* v. *Allen,* 35 Maine, 276.

2. If it were not so, it would lead to the absurdity of having judgment in the action perhaps in favor of the claim, and against it in the reference.

3. The award of referees cannot be impeached collaterally, and hence the Judge properly ruled that it could not be impeached in the manner proposed by the plaintiff.

4. The award settled the matters in dispute, and could not be again examined by the jury in the manner proposed by plaintiffs. 5 Phillips' Ev., note 252.

CUTTING, J.—During the pendency of this suit in Court, the parties referred the same cause of action, by consent, before a justice of the peace, agreeably to R. S., c. 138.

At the trial, the defendant introduced the agreement and the report of the referees, as to the execution of which there was no controversy, and thereupon contended that they operated as a discontinuance of the suit.

That a submission at common law would have that effect, has been settled by a series of decisions in the State of New York. *Camp* v. *Root*, 18 Johns. 22; *Ex parte Wright*, 6 Cowen, 399; *The people* v. *Onandago C. P.*, 1 Wend. 314; *Larkin* v. *Robbins*, 2 Wend. 505; *Towns* v. *Wilcox*, 12 Wend. 503; *Wells* v. *Lain*, 15 Wend. 99; *West* v. *Stanley*, 1 Hill, 69. And recognized as law in this State, in the case of *Moores* v. *Allen*, 35 Maine, 276.

These decisions were based upon the consideration, that the parties had selected another tribunal to settle the controversy, and taken it from the jurisdiction of the Court where the cause, or the subject matter of it, was originally pending.

Does the submission under the statute vary the principle? All proceedings under the agreement are wholly disconnected from the original suit. Referees are substituted for the Court and jury, with full authority to decide the law and the facts, and if the Court have any supervisory power, it can be exercised only when the report shall have been returned to a term of the Court agreed upon in the submission, and after being entered upon the docket as an original entry. The record forms the basis of an independent judgment.

But the motion for a discontinuance was made by the defendant, and whether rightly overruled, or otherwise, the ruling being in favor of the plaintiff, who has no cause on this point to except, we place our decision on other grounds, which we will now proceed to consider.

It appears that after the motion was denied, the report was offered under one of the specifications, in bar of the suit; that after certain preliminary rulings, the cause, then on trial, was suspended, and the report was presented to the Judge for his acceptance, to which objections were filed, arguments heard, and the report finally accepted; that it was again offered in bar, and ruled to be effectual for that pur-

pose; to which ruling the plaintiff excepts, and the question by him presented is, was this ruling correct?

We have already seen that a submission under the statute is an independent proceeding, having no relation to, or connexion with the original action. It requires another entry, and is the subject matter of an independent judgment and execution. Although the report was accepted, it does not appear that judgment was rendered upon it, before it was offered in bar. No judgment could have been rendered, except by consent, without allowing to the aggrieved party the time prescribed by statute, in which to present his exceptions. R. S., c. 96, § 17. And exceptions are allowed in such cases. *Harris* v. *Seal*, 23 Maine, 435; *Lothrop* v. *Arnold*, 25 Maine, 136. Not until the report had passed through all the ordeals of the law, could it become an "absolute verity," and entitled to record, when it could not be impeached or avoided collaterally, but would remain in full force until reversed. *Bannister* v. *Higginson*, 15 Maine, 73; *Granger* v. *Clark*, 22 Maine, 128. The report, when offered in evidence, was not of such a character, and possessed not all the elements of maturity. The Judge erred therefore, in permitting it to go to the jury, and in his construction as to its force and effect. By the agreement of the parties, "if any of said rulings were erroneous, a new trial was to be had," it becomes unnecessary to examine the further rulings in the progress of the cause. If hereafter, on another trial, the report shall have matured into a judgment, and shall then be offered, it may be worthy of consideration by the plaintiff as to what may be its legal effect, even should the ruling as to a discontinuance be as favorable, as on the former trial.

*Exceptions sustained.*

TENNEY, C. J., and RICE, APPLETON, and MAY, J. J., concurred.