### ANDREW G. LARY v. MOSES GOODNOW.

A mere submission to arbitration will not be a discontinuance of a pending suit, where by express agreement or necessary implication, the cause is to be kept on foot until the arbitration is perfected by an award.

Such an agreement will be implied from a stipulation that judgment shall be entered on the report or award.

Where under a misapprehension as to the effect of a submission to arbitration, the action is entered "neither party," it is a proper exercise of discretion to strike off such entry and let the cause stand for trial.

Whether a mere submission to arbitration will operate as a discontinuance of a pending suit, even if there is no agreement to enter judgment on the award, *quære*.

TRESPASS, originally entered at November Term, 1865.    At November Term, 1866, the action was, by consent of counsel on both sides, entered "neither party," and it was left off the docket for the next term.    At the next term, April, 1867, the action was "brought forward," against defendant's objection, on motion of plaintiff ; and at this term, (November, 1867,) plaintiff moved that the entry of "neither

party" be struck off, so that the case might stand for trial. Defendant moved that the action be dismissed.

From affidavits furnished by both sides, the court finds the following facts :

Plaintiff and defendant, on Nov. 5th, 1866, made a written agreement to refer this action and all other demands. A copy of this agreement is hereto annexed, and makes part of this case. At the November Term, 1866, plaintiff, in a brief interview with his counsel, told them that defendant and he "had referred the case, and were going to try it without lawyers out of court," but gave no directions as to any entry on the docket.

It was agreed between plaintiff and defendant that neither of them should have any counsel at the hearing before the referees. At the time (April 16th, 1867,) and place appointed for the hearing, defendant was present with two lawyers to act as his counsel, and plaintiff without any. One of defendant's counsel stated that the agreement to refer was not right, because the award was not made returnable before any justice of the peace, or the court; and he wrote a supplementary agreement on the back of a copy of the original agreement, and proposed that the parties should sign this before proceeding with the hearing. Plaintiff said that the defendant and he had agreed to try the case without counsel, and he refused to proceed with the hearing. No hearing has ever been had.

Plaintiff's affidavit alleges that "defendant has stated that if he can avoid this action, and compel me to commence anew, he shall be able to hold my land by twenty years' adverse possession."

The court denied the defendant's motion, and ordered that the entry of "neither party" should be struck off, and the case stand for trial. To this ruling defendant excepted.

COPY OF AGREEMENT TO REFER.

KNOW ALL MEN BY THESE PRESENTS : That A. G. Lary and Moses Goodnow, both of Gorham, in the county of Coos, and State of New Hampshire, have agreed to submit the demand made by said Lary against the said Goodnow, which demand is an action of trespass for the said Goodnow's crossing said Lary's land, which action was brought and entered at the Supreme Judicial Court, holden at Lancaster, in said county, the first Tuesday of November, A. D., 1865, and all other demands between the said parties, to the determination of Elihu Libby, Orren Tubbs, and Urban Shorey, all of said Gorham, the report of whom, or the major part of whom, and judgment thereon shall be final. And if either party shall neglect to appear before said referees, after proper notice given him of the time and place appointed by the said referees for hearing the parties, the said referees may proceed in his absence.

{ U. S. Five Cent
  Revenue Stamp,
  duly cancelled. }          [Signed,]          A. G. LARY,
                                                MOSES GOODNOW.

Coos, ss. November 5th, 1866. The above named A. G. Lary and Moses Goodnow personally appeared and acknowledged the above instrument to be their free act and deed.

Before me,

THADDEUS S. CHASE, *Justice of the Peace.*

*Ray & Ladd*, for plaintiff.

The entry "neither party" upon the clerk's docket in this cause was erroneous. It was done through a mistake, misapprehension and misunderstanding of the counsel in relation to the reference proposed by their clients.

The thing occurred inadvertently, and *not* through any agreement, arrangement or understanding of the parties to that effect. The parties made, or attempted to make, a reference of their cause under the provisions of the statute, (General Statutes, ch. 232,) contemplating a hearing before the referees, a report from them to the court where the action was pending, and the rendition of a final judgment thereon. The hearing before the referees was not had on account of the trick perpetrated by the defendant in having counsel present when he had promised not to have any. It would be contrary to equity and good conscience to dismiss the action now. Such an order would work gross injustice to the plaintiff, and would enable the defendant to gain instead of losing by his dishonesty. It must be very singular if the court has no power to correct a mistake upon its own record. Such is not and never has been the law of this State. *Russell* v. *Dyer*, 39 N. H. 530; *Carleton* v. *Patterson*, 29 N. H. 589; *Wendell* v. *Mugridge*, 19 N. H. 112; *Chamberlain* v. *Crane*, 4 N. H. 115.

The ruling of the presiding judge did "eminent justice" to the parties; and this court, we think, would have done the same thing under like circumstances.

*Benton & Benton*, for the plaintiff.

1. Unless the submission to arbitration was, in itself, a discontinuance of the suit, the amendment of the record by which it was brought forward was within the discretion of the court, and not subject to exception. *Wendell* v. *Mugridge*, 19 N. H. 109; *Claggett* v. *Simes*, 31 N. H. 22.

2. If this submission was, *ipso facto*, a discontinuance of the suit, then it might have been well pleaded in bar. But the precedents all show that such a plea must allege an *award*, and most of them also allege a *performance* of the award. 1 Chitty's Pl. 470, note; Story's Pl. 161; 7 Viner's Abr. Arbitrament, X. 1.

3. We submit, then, that the mere submission without an award, would not operate as a discontinuance of the suit, unless it contained an express agreement to that effect. Comyn's Dig. Accord, Arbitrament,

D. 1, and D. 2 ; Bacon's Abr. Arbitrament & Award, G. ; *Hayes* v. *Blanchard*, 4 Vt. 210.

*Heywood*, for defendant.

A submission to arbitrators, of the subject matter of a suit for partition, commenced by one of the parties, is a discontinuance of such suit. *Jordan* v. *Hyatt*, 3 Barb. Sup. C. R. 275.

Where, in pursuance of such an agreement, the entry of "neither party" has been made upon the docket, the suit is discontinued, and the jurisdiction of the court over it is at an end. *Hutchins* v. *Buck*, 32 Maine 277.

Bellows, J.   The application to strike off the entry of "neither party" that the cause might stand for trial, was a matter addressed to the sound discretion of the court, to be determined upon the facts presented.   *Claggett* v. *Simes*, 31 N. H. 65.   In that case, which was a petition to strike out the entry of a judgment in the original action, *Simes* v. *Claggett*, it appeared that an entry of judgment by agreement was made, and afterwards at the same term the court directed the action to be continued ; but this order not having reached the ears of the clerk was not noted upon the docket, and judgment was afterwards entered up by him in favor of Simes as of mortgage.   It was held that such a judgment was irregular, and might be set aside upon seasonable application to the court ; but that after suffering two years to elapse without any application, and allowing a writ of possession to be executed and receiving a lease of the mortgaged premises for one year, in which the judgment was recited, and the possession retained under it by him, the irregularity must be regarded as waived.   This case is a clear authority for setting aside a judgment irregularly entered up, and upon motion in the court where it was so entered, provided the motion is seasonably made ; see pages 58, 62 and 66 of that report.

So in *Bellows* v. *Stone & al.*, 14 N. H. 175, it was held that when a judgment had been entered up in accordance with an agreement which was made under a mutual misapprehension as to its effect, the court in which the judgment was so rendered, would, on application or petition, set it aside on proper terms, even after the lapse of several years.

In *Frink* v. *Frink*, 43 N. H. 508, the record of a judgment was amended on petition after the lapse of about seven years, by making it a judgment for one half, instead of the whole, of a tract of land.

It is clear, then, we think, that the court has power to correct a mistake like the one suggested in the case before us ; and the only question is whether the discretion was properly exercised.   It is apparent from the case that the entry of "neither party" was made for the reason that the cause had been submitted to referees, and probably under a misapprehension of the effect of that submission.

The agreement in this case is not made by a rule of court, but it provides for a report and judgment thereon, and it is fairly to be inferred that the report was to be made to the court in which the action was

pending, and judgment there to be rendered in that suit, and of course that the suit should remain on the docket for that purpose.

It is substantially an agreement to refer that suit, and in the absence of any stipulation to discontinue it and provide for a judgment elsewhere, the inference is plain that a judgment in that suit was intended as in ordinary cases of reference.

If the agreement for a submission, whether it be by stipulation out of court or by rule, provides expressly or by necessary implication that there is to be judgment on the report in the court where the suit is pending, the submission will not operate as a discontinuance. In respect to a mere submission to arbitration there is some conflict in the authorities. In New York it seems to be well settled that a general submission to arbitration is a discontinuance; but it is held to be otherwise where it is agreed that there shall be judgment on the report. *Ex parte Wright*, 6 Cow. 398.

The reason assigned for the position that a mere submission to arbitration without an award is a discontinuance, is that the parties have selected another tribunal. *Larkins* v. *Robbins*, 2 Wend. 505; *Towns* v. *Wilcox*, 12 Wend. 503; *Green* v. *Patchen*, 13 Wend. 294. In this last case a distinction is taken between the cases where there is an agreement to make a report merely, and cases where the agreement is that judgment shall be rendered upon it; holding in the latter case that judgment should be so entered on the report, even although the case was not referable under the statute; but that the other case was merely an arbitration, and a discontinuance of the suit. In *Gates* v. *Russell*, 17 Johns. 451, which was a cause not referable under the statute, the submission stipulated for a judgment on the report, and such judgment so entered was held to be valid. In *Harris* v. *Bradshaw*, 18 Johns. 26, which was assumpsit, and referred by rule of court, it was held that judgment might be rightfully entered upon the report, although not so expressly agreed, upon the ground that the case *might* have required the examination of accounts, and so be referable; and that the parties were concluded from taking the objection that it was not.

In our own State the matter was somewhat discussed in *Elliott* v. *Quimby*, 13 N. H. 181, and it was held, *per Upham, J.*, that the submission of a cause is ordinarily a discontinuance; but that if the arbitrators refuse to sit, the submission is not necessarily a discharge of the action unless it expressly appear that such was the intention; and that if the arbitrators award the payment of a certain sum, with the provision that if not paid the suit should proceed, the arbitrators retaining the award in the meantime, the court will hold that the arbitrators acted within the terms of the submission which was verbal, and give effect to the condition; and the court held that until the award was paid it did not appear to be intended that the action should be discontinued.

In *Hayes* v. *Blanchard*, 4 Vt. 210, there was an appeal from a justice of the peace, and afterwards an agreement for a submission to arbitration, but no time fixed for an award; it was held that this did not take away the right to enter the appeal, unless there was an award be-

fore the time to enter it, or unless the time to make the award was fixed at a period beyond the time of such entry.

In Maine and Wisconsin the New York doctrine is followed that a submission works a discontinuance. *Morse* v. *Allen*, 35 Maine 276; *Crocker* v. *Buck*, 41 Maine 358; *Bigelow* v. *Goss*, 5 Wis. 421; *Mackey* v. *Pierce*, 3 Wis. 307.

From the examination of the authorities, it seems that even if it be conceded that a submission to arbitration works a discontinuance, it will not have that effect when it may be gathered from the submission that it was otherwise intended; as if it be agreed that judgment shall be entered on the report.

It is by no means clear, however, that a mere submission to arbitration will ordinarily work a discontinuance, or that such a position finds any countenance in the doctrines of the common law. It would certainly work great injustice in many cases by the revocation of the submission, or the death, or refusal to act, of the arbitrators. If a valid award is made, *that* might be pleaded, but it may well be doubted whether a discharge of the suit was intended until an award *was* made. So in *Chapman* v. *Secomb & al.*, 36 Maine 102, where there was a submission to two arbitrators, and an agreement that the suit should be withdrawn, but one of the arbitrators refused to act, it was held that the submission had become inoperative, and that the suit should proceed.

In the precedents we find no forms of pleas in bar founded upon a submission alone, without an award. So it is laid down in Com. Dig. Tit. Accord, Arbitrament, D. 2, that an award is a good bar without showing performance, if the plaintiff have a remedy to enforce it; but if there be no remedy, it is not a good bar. So is *Crafts* v. *Harris*, Carth. 187. Yet if the time of performance is past, arbitrament is no bar without showing performance. Com. Dig. Accord, Arbitrament, D. 2; 3 Ch. Pl. 927, note w.; Cald. on Arb. 420; Bacon's Abr. Arbitrament and Award, G. In Cald. on Arb. 45, it is laid down that a submission to reference is not an implied stay of proceedings in a suit already commenced.

In *Lewis* v. *Kermode*, 8 Taunt. 146, the court refused to stay proceedings, because after issue joined, the cause was referred and an award made, but whether before or after revocation was in dispute. The court say the award should be pleaded when the plaintiff might reply or demur.

In *Green* v. *Pole*, 6 Bingh. 443, there was a verdict for road damages, subject to the award of arbitrators; and after a partial hearing the plaintiff revoked the submission, and gave notice of trial. The court refused to stay proceedings, upon the ground that it had no power where the submission was not by rule of court.

In Connecticut the subject was well considered in *Nettleton* v. *Greeley*, 21 Conn. 532, and the conclusion reached that a mere submission to arbitration is not a discontinuance of a pending suit.

Without, however, undertaking to decide this question, we think it very clear that a mere submission to arbitration will not be a discontin-

uance of a pending suit where by express agreement, or by necessary implication, the cause is to be kept on foot until the arbitration has been perfected by an award.

In the case before us, the intention that the cause should remain is to be gathered from the agreement that judgment should be entered on the report; and as the entry of *neither party* was made under a misapprehension, we think it a proper exercise of discretion to direct that entry to be stricken off, and the cause to stand for trial.

*Exceptions overruled, and case discharged.*