## Stephen Dinsmore *v.* Charles Hanson.

A mere submission to arbitration of the matter of a pending suit will not, without an award, operate as a discontinuance.

Where after such a submission the suit is, with the consent of the parties, dismissed, it is within the discretion of the judge at the trial term to strike off the entry of " neither party," and bring forward the action.

Dinsmore moved to bring forward five actions in which he was plaintiff and Hanson defendant, and to strike off the entry of " neither party " therein.

It appeared that these actions were originally brought before a justice of the peace to recover penalties alleged to have been incurred by the defendant's ram lamb having been at large during the time prohibited by the statute. The justice rendered judgment for plaintiff.

Defendant appealed, and the several appeals were entered at May term 1867, continued to October term 1867, and then continued to May term 1868. October 5th, 1867, these actions were referred to three arbitrators, each party giving bond to pay to the other whatever sum the arbitrators might award against himself.

Prior to April 13th, 1868, two of the arbitrators made a report, in which it was stated that all the arbitrators heard the evidence and allegations of the parties. The two arbitrators who signed the report awarded that plaintiff should recover damages and costs in four of the actions, and that defendant should recover costs in the fifth action, making a balance of $193.95 in plaintiff's favor. Isaac Adams, the other arbitrator, dissented and declined to sign the award.

April 13th, 1868, plaintiff brought an action of debt against defendant on the arbitration bond, which was entered at May term, 1868. Upon the entry of this action at said May term, said five other actions,

upon motion of Mr. Emerson, counsel, for plaintiff, and with the consent of defendant's counsel, were disposed of by the entry of "neither party" under each of them by order of the court.

At November term, 1868, (plaintiff's writ, the arbitration bond, and the award not having been previously filed), defendant prayed oyer, which being had by leave of the court, he pleaded specially "no award." Thereupon at the same term, plaintiff became nonsuit in the action on the bond, and moved to bring forward the five original actions and to strike off the entry of "neither party" therein.

This motion having been granted by the court, defendant excepted, and tendered this bill of exceptions, which is hereby allowed, it being understood that the pleadings in all the actions above mentioned, the arbitration bonds, the report of the two arbitrators, and the statement of facts agreed to by counsel at November term, 1868, may be referred to by either party as if they were fully set out herein.

*Frank Hobbs* for plaintiff.

*Whipple & Jewell* and *Stevens* for defendant.

BELLOWS, J. In *Lary* v. *Goodnow*, Coos county, July, 1868, it was held that a mere submission to arbitration will not be a discontinuance of a pending suit when by express agreement or necessary implication the cause is to be kept on foot until the arbitration is perfected by an award.

Whether a mere submission, without any provision as to the continuance of the cause, would operate as a discontinuance was left undecided, although a strong intimation was given that it would not.

When it is considered that such submission is at all times, before an award, revocable by either party; that an award may be defeated by the death, or refusal to act, of the arbitrator; and that an award may, in many instances, be wholly inoperative and void for the reason that all the arbitrators do not assent to it; the injustice of holding the mere submission to be a discontinuance of the pending suit is quite manifest.

In New York, Maine and Wisconsin, and perhaps Tennessee, it has been held that a mere submission to arbitration will work a discontinuance of a pending suit, but we are not able to learn that this position finds any countenance in the doctrines of the common law.

A simple accord without satisfaction would be no bar to such suit; certainly not unless made a matter of record, so that it could be enforced; and yet the accord assumes to fix the amount due by the agreement of parties; whereas the submission provides only that the amount shall be fixed by third persons. In Com. Dig., Tit., Accord, Arbitrament, D. 2, it is laid down that arbitrament is no plea if the party has no remedy upon the award; as if the award be void. But an award is a good bar without showing performance, if the plaintiff have a remedy to enforce it; but if there be no remedy to enforce it, it is not a good bar; so is *Crofts* v. *Harris*, Carth. 188.

So it is laid down in Com. Dig., Tit., Accord, Arbitrament D. 2,

that when the time of performance is past, arbitrament is no bar without showing performance, though the plaintiff has a remedy by action upon the award.   In 3 Ch. Pl. 927, note w., it is said that in pleading an award it is necessary to aver performance, if there be no mutual remedies; to which several cases are cited; so is Cald. on Arb. 420; Bac. Abr., Arbitrament, G.   In Cald. on Arb. 45, it is said that a submission to arbitration is not an implied stay of proceedings in a suit already commenced; citing Tidd. Pr. 819; Ld. Raym. 760.

In Connecticut the subject has been carefully considered in *Nettleton* v. *Gridley*, 21 Conn. 532; and it was decided that a mere submission to arbitration is not a discontinuance of a pending suit.

So in *Hayes* v. *Blanchard*, 4 Vermont Rep. 210, it was held that an agreement for a submission to arbitration did not take away the right to enter an appeal, unless there was an award before the time to enter it; or unless the time to make the award was fixed at a period beyond the time of such entry.

In *Chapman* v. *Secomb & al.*, 36 Maine Rep. 102, it was held that when one of two arbitrators refused to act, the submission had become inoperative and the suit should proceed.

It is worthy of remark also that in the precedents we find no forms of pleas in bar founded upon a submission alone without an award,

In the case before us an invalid award was made because one of the arbitrators withheld his consent to it, and therefore if it had been pleaded in bar it would not have availed the defendant.   This would be so clearly upon the authorities referred to in Com. Digest before cited; and also upon the authority of *Chapman* v. *Secomb & al.* cited above. So is the authority of *Elliott* v. *Quimby*, 13 N. H. 183, where the court say that if a submission has been made, but the arbitrators have refused to sit, the submission is not necessarily a discharge of the action unless it expressly appears to have been the intention of the parties.

We are of the opinion that the mere submission of the matter of a pending suit cannot be pleaded in bar of that suit; and of course if the arbitrator refuses to sit, or make an invalid award, or the submission be revoked by the defendant, the proceeding can constitute no defence.

The case then comes within the principle of *Lary* v. *Goodnow* before cited, and the court had power to strike off the entry of "neither party" and bring forward the cases.   The motion was addressed to the discretion of the judge, and as he had the power, this court will not revise the exercise of that discretion.

*Exceptions overruled.*