BANCKER *against* ASH.

LAWRENCE *against* THE SAME.

A plea in bar, as of a discharge under the insolvent act, pleaded *puis darrein continuance*, need not be verified by affidavit, unless tendered at the circuit or sittings, nor then, if probable cause of its truth be shown to the judge, who may receive it without oath, or not, in his discretion.

HENRY, for the defendant, moved to set aside the inquests taken at the last sittings, in these causes. They were actions of *assumpsit*; and the general issue was pleaded, in *March*, 1811. In *July*, 1811, the defendant was discharged, by the recorder of *New-York*, under the insolvent act. In *August* the defendant pleaded the discharge in bar, by pleas *puis darrein continuance*, which were duly filed, and served at the time; but there was no affidavit of the truth of the pleas. The attorney for the plaintiff took no notice of the pleas, but treated them as nullities; and, at the sittings, took the inquest by default.

*Van Vechten*, contra.

When such a plea is pleaded in bank, without an affidavit, it cannot be treated as a nullity, but the plaintiff must either reply to it, or apply to the court to have it set aside.

*Per Curiam.* These were not pleas in abatement, but in bar, and an affidavit verifying them was not required by the statute. If necessary to give them validity, it must be in consequence of the course and practice of the court, as derived from the *English* authorities. But the cases, and the reason on which they are founded, do not apply to such pleas, unless they are pleaded at the circuit, and then it seems to be in the discretion of the judge. Thus, in *Abbot* v. *Rugesley, Trin. 26 Car.* II. (*Freem.* 252.) it was held, " that he that offers a plea *puis darrein continuance*, at the *nisi prius*, ought to prove it there; for, unless he make it appear to the judge that it is a true plea, it is in his discretion whether he will allow it or not, but may proceed to try the cause." In the case of *Martin* v. *Wyvill*, (1 *Str.* 492.) the plea was not pleaded, at the circuit, and the plaintiff, instead of treating it as a nullity, moved to set it aside on grounds, one of which was, that it was false on the face of it; and for that reason, the court set it aside, and said, that " it was constant experience, at the assises, to put the party to verify such a plea before it is allowed, and if the party does not give some evidence of the truth of it, the judge will reject it, and go on with the cause."

In *Paris* v. *Salkeld*, (2 *Wils.* 137.) the plea was verified by affidavit; and the question there was, whether it was not still in

the discretion of the court to receive or reject it, and they determined it could not be rejected, if so verified. Such a plea, in *Hawkins* v. *Moor*, (*Cro. Car*. 261.) was pleaded at the assises, without affidavit, and was a mere dilatory plea, and it was afterwards held, in bank, that the plea was receivable, " at the discretion of the justices, if they perceive any verity therein."

The rule, therefore, requiring a plea *puis darrein continuance* to be verified by affidavit, grew out of the practice of tendering such a plea at the assises, or circuit, and was intended to prevent the abuse of interposing such a plea for delay, as the circuit judge had no authority to try it. If probable cause of its truth be shown to the circuit judge, he may receive it without oath. It rests in his sound discretion. But when such a plea is pleaded in bar, not at the circuit, but in bank, the plaintiff is not warranted, by any of the authorities, to treat it as a nullity. He ought at least to apply to the court to have it set aside, as their discretion to receive it or not, without oath, must at least be as perfect as that of the judge at *nisi prius*; and besides, the reason of the practice of requiring the affidavit of its truth does not apply at all, or with very diminished force, to such a case.

Motions granted.