*Ex parte* WRIGHT.

RICHARDSON sued *Wright* in the *Oneida* common pleas for an assault and battery. Issue being joined, the parties stipulated in writing to refer the cause to three persons ; that they should hear it on the pleadings ; and that a judgment should be entered on their report. Afterwards, the defendant revoked the submission ; but the referees, notwithstanding, proceeded to a hearing, and reported for the plaintiff. Then, the defendant having threatened to move to set aside any judgment entered on the report, the plaintiff noticed his cause for trial at the last *September* term of the *Oneida* C. P. The defendant moved to strike the cause from the calendar on the ground of the above proceedings. The C. P. made a rule denying the motion.

A motion was now made for a mandamus, commanding them to vacate that rule. And 18 *John. Rep.* 22, and 1 *id.* 315, were cited in support of the motion.

It was insisted that the submission to arbitration was a discontinuance of the cause in the C. P.

*T. Jenkins*, for the relator.

The motion was not opposed ; but

*Per Curiam.* The court below were right. A general submission to arbitration is a discontinuance. Not so of a submission, where a judgment on the report, or a cognovit, is to follow. By the very terms of the submission, the cause is to be continued in court. The motion must be denied.

Motion denied.

A general submission of a cause to arbitration is a discontinuance ; but not where the parties agree that a judgment may be entered on the report. And in such a case, if the submission be revoked, the court may proceed with the cause to trial, notwithstanding the submission.