THE PEOPLE, on the relation of P. Van Cortlandt, *vs.* ONONDAGA COMMON PLEAS.

The submission of all suits and controversies to arbitration, is a discontinuance of a suit depending in court; but a party may waive such discontinuance by appearing at the trial of the cause and defending the same.

MOTION for a mandamus. The relator was sued in the Onondaga common pleas, by one I. Stolp, in an action of slander. After the cause was at issue, to wit, in January, 1828, the parties submitted all suits and matters in controversy to arbitration, the award to be made on or before the fourth Monday of April then next. The bonds contained no clause providing for making the award a rule of court, or for the entry of a rule for judgment on it. The arbitration fell through, in consequence of the inability of one of the arbitrators to attend to the same. In September last the cause commenced in the common pleas, was noticed for trial at the September term of that court, tried, and a verdict rendered in favor of the plaintiff for $500. The counsel of the defendant appeared at the trial, and defended the cause by cross-examining the plaintiff's witnesses and addressing the jury. After the verdict, application was made to set the same aside, and for a new trial, on the grounds that the defendant had not received notice of the trial from his attorney until the very day the cause was tried; that the defendant had been under the impression, and had been so advised, that the submission to arbitration had put an end to the suit; and that his counsel had forgotten the fact of the submission. The court refused to set aside the verdict, but ordered a new trial on terms, to wit: the payment of the costs of the trial, of resisting the motion, and the costs and expenses of the plaintiff in preparing for the arbitration, the plaintiff to have leave to enter up judgment on the verdict as security. A mandamus was now asked for, to vacate the rule entered by the

common pleas, and to direct the enty of a rule discontinuing all further proceedings in the cause.

*B. Davis Noxon,* for relator.

*By the Court,* SUTHERLAND, J. The submission of all suits and controversies to arbitration, is a discontinuance of a suit depending in court, where there is no provision made for its continuance by authorizing a rule for judgment on the award, (6 *Cowen,* 399 ; 18 *Johns. R,* 22 ;) but the party who might have insisted on the discontinuance, was competent to waive it ; and, in this case, it was waived by the defendant's counsel appearing at the trial, cross-examining the plaintiff's witnesses, and addressing the jury. As to the terms imposed, upon granting a new trial, those rested in the discretion of the common pleas, with the exercise of which this court never interferes. Motion denied, with costs.