By the Court, Bronson, J.
The justice seems to have proceeded on the ground that a plea puis darrein continuance could not be received in his court; but in that I think he was mistaken. True, issue must, in general, be joined in justices’ courts, at the time of the first appearance of the parties. (2 R. S. 233, § 47.) But it was not intended by that provision to preclude the defendant from setting up matter of defence arising, as in this case, after the usual issue had been joined.
Pleadings in justices’ courts are not required to be very formal ; and this plea was good in substance. If there had been a submission of the matters in controversy in the suit to arbitration, the suit itself was at an end. The plaintiff’s remedy was on the award.
A judge may, it seems, receive a plea puis at the circuit, without proof of its truth, (Bancker v. Ash, 9 John. 250;) though he may, and I think always should reject a plea which is not in some way verified. Although the defendant did not actually make an. affidavit, he offered to do so; and as I understand the return, the plea was not rejected because the affidavit was not made, but because the plea itself was not admissible. In that, the justice erred.
Judgment reversed.