Ressequie *v.* Brownson.

---

SAME TERM.  *Before the same Justices.*

RESSEQUIE *vs.* BROWNSON.

A parol submission to arbitration, of the matters in controversy in a suit, made after issue joined therein, may be pleaded in abatement, *puis darrein continuance;* although, it seems, advantage may be taken of the discontinuance of the suit, produced by the submission, by application to the court.  *Per* PAIGE, J.

But in a justice's court, a plea in abatement *puis darrein continuance* is the proper, if not the only effectual mode of taking advantage of an agreement to submit to arbitration, the matters in controversy in the suit, made after issue joined.

And the defendant, after tendering such a plea, will not be deemed to have waived the discontinuance of the suit, by appearing on the trial, and examining witnesses.

Ressequie *v.* Brownson.

ERROR to the Fulton common pleas. Ressequie, the plaintiff in error, sued Brownson, the defendant in error, in assumpsit, before a justice of the peace. The summons was returnable on the 16th of March, 1847. On the return day of the summons the parties appeared, and the plaintiff declared for goods, &c. sold, &c. The defendant pleaded the general issue and gave notice of a set-off. The cause was adjourned to the 24th day of March, 1847, by agreement of the parties. On the 24th day of March the parties appeared, and the defendant then tendered *to the court* a plea, which stated that the plaintiff, after the cause of action had originated and had been commenced by the plaintiff on the 9th day of March inst., to wit, on the 22d day of March inst., entered into an agreement with the defendant to submit or refer all matters of dispute and difficulty or causes of action pending between them to an arbitration, submission to be by parol : that the referee was to be Wm. A. Smith ; that the defendant was and is ready to investigate all the differences between them, by such arbitration, and that such agreement or submission to arbitrate, is a sufficient cause to abate the suit. And the defendant thereby claimed that the said suit should abate, and he prayed the court whether he would proceed any farther in the suit. To this plea was annexed the affidavit of the defendant, stating that the same was true in substance and matter of fact, to his best knowledge and belief. The justice decided that this plea was not sufficient to abate the suit. The defendant then moved for an adjournment, on an affidavit stating that he could not safely proceed to trial for the want of several material witnesses. The justice denied the motion for an adjournment, and proceeded to try the cause. After hearing the proofs of the plaintiff and defendant, he rendered a judgment in favor of the plaintiff for $4,71 damages, and $3,79 costs. The defendant removed the cause to the county court by certiorari. The county court reversed the judgment of the justice.

*D. G. Lobdell,* for the plaintiff in error.

*C. S. Grinnell,* for the defendant in error.

Ressequie *v.* Brownson.

*By the Court,* PAIGE, J.   The plea of the defendant, put in on the adjourned day, setting up an agreement between him and the plaintiff to submit all matters in dispute and causes of action between them to arbitration, must be regarded as a plea puis darrein continuance. (1 *Chit. Pl.* 658.)   It set up a matter of defence which arose after issue had been joined in the cause.   A plea puis darrein continuance may be received in a justice's court.   (*West* v. *Stanley,* 1 *Hill,* 70.)   The plea in this case was not very formal.   But strict formality and technical precision are not required in the pleadings in a justice's court.   The plea in this case, set up, substantially, a parol agreement to submit all matters in controversy, between the parties, (which of course included the subject matter of the suit before the justice,) (1 *Wend.* 314,) to arbitration.   The defendant treated the plea as a plea in abatement ; as he averred that the matter set up in the plea was a sufficient cause to abate the suit.   And he claimed that the suit should abate ; and he prayed whether the court would further proceed. (1 *Chit. Pl.* 660.   3 *Id.* 1238, 10*th Am. ed.   Id.* 899.)   The affidavit annexed to the plea was sufficient proof of the plea, even if it be regarded as a plea in abatement puis darrein continuance.   (2 *R. S.* 352, §7.   1 *Chit. Pl.* 463.   3 *Id.* 10*th Am. ed.* 1245, 896, 902.)   If the plea, however, contains matter in bar of the action, although it conclude in abatement, it is a plea in bar.   (1 *Chit. Pl.* 460.) A plea in bar puis darrein continuance may be received either at the circuit or in bank, without proof of its truth.   (1 *Hill,* 70.   *Banker* v. *Ash,* 9 *John.* 250.)   But the plea was not rejected by the justice on the ground of any defect in the affidavit, but because the plea was not sufficient to abate the suit. Parol submissions of matters in controversy between parties, are valid ; even since the adoption of the provisions relative to arbitrations contained in the revised statutes.   (2 *R. S.* 541.)   A parol submission of the matters in controversy between the parties to a suit, or a parol agreement to submit such matters, immediately before an award is made in pursuance of the submission, works a discontinuance of the suit.   The submission is *eo acto* a discontinuance.   (*Wells* v. *Lain,* 15 *Wend.* 101,

105 *to* 108.    2 *Cowen & Hill's Notes,* 1026.)    The reason why the submission operates as a discontinuance is, because the parties have selected another tribunal for the trial of the suit. (*Larkin* v. *Robbins,* 2 *Wend.* 505.    *Camp* v. *Root,* 18 *John.* 23.    *Ex parte Wright,* 6 *Cowen,* 399.    1 *Wend.* 314.    12 *Id.* 503.    13 *Id.* 293.    19 *Id.* 108.)    But in *Smith* v. *Barse,* (2 *Hill,* 389,) Bronson, J. held that a submission merely of matters in controversy to arbitration, without an award made in pursuance of it, could not be pleaded in bar.    He says the submission only shows that the suit is out of court, not that the action is barred.    He says if the submission can be pleaded in bar, and is so pleaded, although it was immediately revoked, the plaintiff will not only be turned out of court, but will lose his cause of action, so that he can never sue again.    And he says, if the plaintiff proceeds in the cause, after the discontinuance, a motion, not a plea, is the appropriate remedy of the defendant. The chancellor expressed a similar opinion in *Wells* v. *Lain,* (15 *Wend.* 101.)    But the objection of Mr. Justice Bronson to a plea in bar, does not lie to a plea in abatement.    In the latter case, although judgment passes for the defendant, the plaintiff may sue again, on the original demand, where the submission has been revoked, or where no award has been made, in consequence of the disagreement of the arbitrators, or of their refusal to act.    (1 *Bac. Ab.* 29, *tit. Abate, P.    Van Slycke* v. *Lettice,* 6 *Hill,* 610.)    In *Wells* v. *Lain,* (15 *Wend.* 99,) Tracy, senator, intimates that a submission to arbitration might be pleaded in abatement.    In that case the defendant pleaded, puis darrein continuance, a bare submission to arbitration. The defendant replied, denying the submission.    On the trial the defendant proved a submission by parol.    The common pleas rendered a judgment for the defendant.    And the court of errors decided that this judgment was correctly pronounced. In *Town* v. *Wilcox,* (12 *Wend.* 503,) the defendant pleaded a submission to arbitration since the commencement of the suit, and prayed judgment if the plaintiff ought further to maintain his action.    The plaintiff demurred.    And the supreme court held the plea well pleaded.    In *Green* v. *Patchen,* (13 *Wend.*

Ressequie *v.* Brownson.

293,) the like plea was interposed, and a similar judgment was rendered on demurrer.

Where an award is made, it extinguishes the original demand, and is a bar to any action on such demand. (2 *Cowen & Hill's Notes*, 1026.) This is so, even where the award is made in pursuance of a parol submission. (15 *Wend*. 99. *Armstrong* v. *Masten*, 11 *John*. 189.) After an award, the remedy of the party is only upon the award. The cases authorize me to say, that a parol submission to arbitration, after issue joined in a suit, of the matters in controversy in such suit, may be pleaded in abatement puis darrein continuance ; although I have no doubt that advantage may be taken of the discontinuance of the suit produced by the submission, by application to the court. But in a justice's court, a plea in abatement puis darrein continuance seems to me to be a proper, if not the only effectual mode of taking advantage of an agreement to submit to arbitration the matters in controversy in the suit, made after issue joined. I think the plea puis darrein continuance tendered by the defendant to the justice, was a plea in abatement, and was good in substance. The defendant, by appearing on the trial and examining witnesses, ought not to be deemed to have waived the discontinuance of the suit ; because, by the rejection of this plea puis darrein continuance, he was compelled to go to trial upon the former pleadings in the suit. (1 *Wend*. 314.) An act of a party, to operate as a waiver, must be voluntary ; not the result of coercion.

As the judgment of the justice must be reversed for the error committed by him in rejecting the plea in abatement puis darrein continuance, tendered by the defendant, it is unnecessary to consider the other questions raised on the argument.

The judgment of the common pleas must be affirmed.