## SUPREME COURT.

### BUEL agt. DEWEY.

A submission of a pending suit to arbitration is a discontinuance of the action.

Effect may be given to the submission by motion, as well as by plea or answer.

The submission discharges the action, but not the cause of action, and this even though the arbitrators fail or refuse to take upon themselves the duties of the submission.

In such case the party is put to a new suit on the original cause of action.

The parties may qualify the submission so that it shall not operate as a discontinuance of the action without an award according to its terms.

And a party may waive such discontinuance, and will be deemed to have waived it in case he thereafter proceeds voluntarily in the action.

*Montgomery Circuit and Special Term, Jan.* 13, 1862.

J. M. COOK and L. TREMAIN, *for defendant.*
A. HEES and T. MITCHELL, *for plaintiff.*

BOCKES, Justice. Motion by defendant to strike case from circuit calendar on the ground that it had been submitted to arbitrators.

The action is slander, and being at issue ready for trial, the parties entered into an agreement, in writing, to arbitrate, whereby they selected two persons by whose decision they agreed to abide, with the right to select a third person in case of their inability to agree. Then follows this clause : " But in case said two arbitrators cannot agree in

the selection of said third person, if they cannot agree in their decision of the action and slander; or in case the said third person is selected, and the three persons do not agree unanimously, then this agreement and statement is to be *of no effect.* This matter is to be disposed of and submitted and decided within eighteen days."

The plaintiff swears that it was agreed between him and defendant, both before and *after* the submission was executed, that if the arbitrators did not agree, or if there was no award made within the time limited therefor, then that no advantage should be taken by either party by reason of the submission, and that the action should proceed the same as if no submission to arbitration had been entered into.

The arbitrators named were unable to agree, declined to select a third, and refused to proceed further under the submission.

The defendant thereafter made an affidavit in the case, to obtain the examination of a witness, *de bene esse,* obtained an order of examination thereon, and examined the witness. In this affidavit he swears as follows : " That this is an action *now pending* in the supreme court of the state."

The plaintiff insists : *first,* that the submission was not intended to take the cause out of the court unless an award was made, and that it was entered into by the parties with such understanding, and further, that it is so expressed in the submission ; *secondly,* that if the submission was a discontinuance, still the party has waived it by swearing that the action was still pending, and taking proceedings therein.

It has been repeatedly decided that a submission of a pending suit to arbitrators is a discontinuance of the action. (18 *John.,* 22 ; 6 *Cow.,* 399 ; 1 *Wend.,* 314 ; 2 *id.,* 505 ; 12 *id.,* 503 ; 13 *id.,* 293 ; 15 *id.,* 99 ; 19 *id.,* 108 ; 1 *Hill,* 610 ; 3 *Sand* , 4 ; 3 *Barb.,* 275 ; 4 *id.,* 541 ; 20 *id.,* 262 ; 11 *How.,* 355 ; 11 *Paige,* 529–533 ; 2 *Seld.,* 44–49 ; 2 *Kern.,* 9.) The

submission, discharges the action, but not the cause of action; and effect may be given to it by *motion.* (2 *Hill,* 387 ; 2 *Seld.,* 49, *per* FOOT, *J.*) This, too, even though the arbitrators fail or refuse to take upon themselves the duties of the submission. (*See cases cited.*) In such case, no award being made, the party is put to a new suit on the original cause of action.

But the parties may so qualify the agreement of submission, as to avoid that result. They may agree that the submission shall not operate as a discontinuance without an award according to its terms, and that its effect shall be merely to produce a stay of proceedings in the action, until the submission shall become inoperative or be revoked.

Such I deem the fair construction of the agreement of submission in this case. In certain contingencies, which here occurred, the agreement was " to be of no effect." The plain construction was, that unless an award was made, the parties should stand in the same relation as if the agreement had not been made. This, too, was the practical construction given the agreement by the defendant himself, for he swears that the cause was still pending, long after the submission was made, and proceeded in the cause by obtaining an order, and examining a witness *de bene esse.*

But even if the submission operated as a discontinuance, still is was competent for the party to waive it, and he will be deemed to have waived it in case he proceeds voluntarily in the action. This was held in *The People ex rel. Van Cortlandt* agt. *Onondaga Com. Pleas,* (1 *Wend.,* 314.)

The defendant cannot now be allowed to insist that the action is out of court, after having sworn that it is still pending, and taken steps to secure evidence to be used on the trial.

The motion must be denied, with costs.