Paulison v. Halsey.

---

CHARLES M. K. PAULISON ET. AL., PLAINTIFFS IN ERROR, v. SAMUEL S. HALSEY, ADMINISTRATOR, &c., DEFEND-ANT IN ERROR.

1. A common law submission to referees, entered into by the parties, of the matters involved in a pending suit, does not, *ipso facto*, work a discontinuance of the cause. If, afterwards, the parties do not apply to have a discontinuance entered, but proceed in the cause, it is not error.

2. A reference of a suit pending in the Supreme Court, under the Arbitration Act, (*Nix. Dig.* 31, § 3,) cannot be made at the circuit, nor without consent of parties.

3. After a reference under the Practice Act, (*Nix. Dig.* 744, § 201,) and exceptions to the report of the referee, the issues to be tried by the jury, are those raised by the pleadings. The report of the referee is only evidence, and the exceptions merely restrict the testimony to be offered against the report.

4. The *postea* is amendable by the judge who tried the cause, and is con-clusive evidence to the court of the proceedings at the circuit.

---

In error to the Supreme Court.

For opinion of Supreme Court, see 8 *Vroom* 205.

For the plaintiffs in error, *J. C. Paulison* and *C. Parker*.

For the defendant in error, *H. C. Pitney*.

The opinion of the court was delivered by

DIXON, J.   In obedience to the writ of error in this case, directing the Supreme Court to send up the record and proceedings in the cause, that court has certified as the record, in the usual form, the pleadings; the award of *venire* for trial at the January Term, 1874, of the Morris Circuit; the return to the February Term, 1874, of the Supreme Court, of the *postea*, stating, *inter alia*, that, at that January Term, the jury, being sworn in the presence of the parties "to speak the truth of the matters within contained," found, upon the issues raised by the pleadings, in favor of the plaintiff below, the defendant here; the continuation of the cause, by the usual *curia advisari vult*, to the November Term, 1874; and the judgment of the Supreme Court at that term upon the *postea*, in favor of the plaintiff below.   Upon the record thus sent up, no errors are assigned, except the common errors that the declaration is insufficient, and that the judgment should have been for the defendants.

The declaration is founded upon, and formally sets out, two bonds given by the defendant Paulison and his sureties, the other defendants, to the plaintiff's intestate, conditioned that the said Paulison would faithfully perform his duty as deputy collector of internal revenue of the United States for the third division of the fourth collection district of New Jersey, and would pay over to the said intestate, who was the collector of said district, all moneys collected by him as such deputy; and the breaches alleged are his failures to pay over such moneys according to his duty.   The pleas are *non est factum*, a denial of the breaches, and *nil debet*.   The finding of the jury, as returned by the *postea*, was that the bonds were the deeds of the defendants, and that the defendant, Paulison, had not paid over all the moneys which he had collected as such deputy, but still owed, of them, the sum of $5118.03.   On these facts it is evident, that the judgment rendered in the court below is right, and these common errors are not well assigned; they, very properly, were abandoned on the argument.

It would seem that this must conclude the cause in this court, where only errors patent upon the record can be reviewed, but the counsel for the plaintiffs in error so strenuously urged that the entire record had not been returned in response to the writ of error, and that other matters, which were subsequently brought up by *certiorari*, properly constitute parts of the record below, that it is deemed just to consider the alleged errors assigned upon them. If any of them are, properly, records in the cause, and erroneous to the detriment of the plaintiff in error, that may, in this or some subsequent proceeding, entitle the plaintiffs to redress.

By these matters, it appears that the cause was originally sent down to the January Term, 1873, of the Morris Circuit for trial, and there, by consent of parties, it was ordered by the judge, at *nisi prius*, that the cause be referred to three persons as referees, (two of them having been named by the parties, and the third by the judge,) to hear and determine the issue joined, and to take and state an account between the parties; and leave was, by consent, reserved to both parties to enter their dissent to the reference, and they forthwith did both enter their written dissent upon the minutes of the Circuit Court. Afterwards, these referees reported upon the issues joined in favor of the plaintiff, and that the defendant, Paulison, owed $2571.31 of moneys, collected by him as deputy, and not paid over according to the condition of the bonds, and stated an account. This report, and the proceedings had at the circuit, were certified by the circuit judge, in the form of a *postea*, to the November Term, 1873, of the Supreme Court, and the certificate was there filed, and both plaintiff and defendants filed exceptions to the report, and demanded a trial by jury. A trial by jury was accordingly ordered, and the cause came again to the Morris Circuit at the January Term, 1874. On March 10th, 1874, a *postea*, signed by the circuit judge, was filed in the Supreme Court, by which it was alleged that, at the circuit, the parties had appeared, the jury had been sworn to speak the truth of the

Paulison v. Halsey.

exceptions, and had found that the defendants' exceptions were not true; that one of the plaintiff's exceptions was true, and that Paulison had collected and not paid over, as required by the bonds, the sum of $5118.03. On March 30th, 1874, the Supreme Court allowed to the plaintiffs a rule to show cause why the verdict of the jury should not be set aside, and a new trial granted ; and this rule having been argued at the June Term following, was, at the ensuing November Term, discharged, and leave was given to the plaintiff to amend the *postea,* with the concurrence of the judge who tried the cause, so as to embrace a finding by the jury on all the issues arising on the pleadings. Afterwards there was substituted for the *postea* filed March 10th, an amended *postea,* signed by the same judge, upon which the judgment in the court below was rendered. In these proceedings, it is claimed errors appear, which entitle the plaintiffs in error to a reversal of that judgment.

The first alleged error is that, the reference having been made to three persons, instead of one only, was not authorized by the provisions of the Practice Act, (*Nix. Dig.* 744, § 201, and 754, § 252,) and therefore could not have been made under that act, but that it and the proceedings therein constituted either a common law arbitration or a reference by consent under the arbitration act; (*Nix. Dig.* 31, § 3, &c.) and that, if it was a common law arbitration, then it worked a discontinuance of the cause ; and if it was a reference under the arbitration act, then it is conclusive between the parties, until set aside by the court, and the court never having set it aside, could render no other judgment than a judgment in accordance with it. The answers to both of these claims are clear : *First*—This cannot be regarded as a common law arbitration, if to such an arbitration the continuing assent of the parties is necessary. But here, close upon the heels of the allegation of their consent, appears the dissent of both parties, formally stated in writing upon the minutes—a dissent not only in pursuance of their common law right, but also

under their express reservation in the instrument reciting their consent. Such dissent at once revoked the submission, and left the parties at liberty to proceed by suit. *Cald. on Arb.* 76.

But, in the next place, if it be a common law arbitration, then it is purely a matter *in pais,* arising out of the consent of the parties only. It has no place upon the records of the court, and cannot, in any degree, affect, upon error, the proceedings subsequently had in the court below. It could only in law work a discontinuance in the same sense in which any other agreement by the plaintiff to discontinue could do so. It did not itself oust the court of jurisdiction, or make it erroneous for the court to proceed in the cause—it merely could give the defendants a right to come and show the fact to the court, and ask that a discontinuance be entered. If, instead of doing this, the defendants not only permitted the plaintiff to proceed in the cause, but also themselves actually took part in the proceedings until final judgment was rendered, the continuance of the suit is their own act. However solemnly the parties had agreed to discontinue, it remained open for them nevertheless, by consent, not to discontinue. *The People* v. *Onondaga Common Pleas,* 1 *Wend.* 314; *Wells* v. *Lane,* 15 *Ib.* 99; *Smith* v. *Barse,* 2 *Hill* 387.

If this, then, is to be regarded as a common law arbitration, it can furnish no ground for the reversal of the judgment by this court.

Nor is the claim of the plaintiffs in error that this was a reference under the Arbitration Act any more advantageous to them. Such a reference cannot be made at *nisi prius,* nor can it be made at all, except on consent; and where the parties, as here, consent with an expressly reserved right to dissent, such dissent, when made, should be held to be a revocation of the submission. An award, rendered under these circumstances, could not lawfully, against the will of the parties, become the basis of a judgment, nor operate to stay the court in proceeding to adjudicate, by its own methods,

upon the issues raised in its records. If anything were needed to make the right of the court so to proceed unquestionable, it would be supplied by the demand of both the litigants, as in this cause, that those methods should be pursued.

But finally it is claimed by the plaintiffs in error, that, inasmuch as this reference was treated by both parties as a reference under the Practice Act, the only issues, which have ever been lawfully tried, are those raised upon the exceptions; and upon such partial trial, no final judgment should stand.

The allegation of fact, involved in this claim, does not seem to be true. The only evidence which the court can have of what occurred at the circuit, is by the *postea* or bills of exceptions. There are no bills of exceptions in this cause; and the *postea* shows that the jury tried and rendered their verdict upon the issues raised by the pleas. The plaintiffs insist that this *postea*—the amended *postea*—so called, is unlawful, because it was made on the order of the court, and not by the judge alone, who tried the cause. It clearly was made by that judge; it is signed by him; and, as clearly, it was made, not by order of the court, but by leave merely. No practice is more common, nor more thoroughly established than this, that the *postea* is susceptible of amendment by the circuit judge, until it conforms to his understanding of the transactions at *nisi prius*. Since the time of Charles I the practice has been constant, and it is now indisputable. *Doe* v. *Perkins*, 3. *T. R.* 749.; *Richardson* v. *Mellish*, 3 *Bing.* 334–346.

This court cannot look beyond that *postea* for information as to what was in fact done at the circuit. The plaintiffs, however, contend that by force of section two hundred and one of the Practice Act, no other issues than those raised on the exceptions could lawfully be tried. And, therefore, if this *postea* be true, the judge and jury at the circuit tried what they had no authority to try. Aside from the considerations that the exceptions to the referees' report are broad

enough to traverse all the facts found by the referees, and that if they were not, still it was quite competent for the parties, at the trial, to abandon the report and the exceptions, and consent to try the original issues, and that for the purpose of supporting the *postea* "*omnia rite acta praesumuntur.*" *Stockton* v. *Bishop*, 4 *How*. 155. An examination of the law will show that section two hundred and one has not the force insisted upon. The transcript, which is to be sent from the Supreme Court to the Circuit, as the warrant or authority for trial, is to contain the declaration and pleadings in the cause, with a proper *placita*, and nothing more. *Nix. Dig.* 922, § 8; *Den* v. *Rambo*, 5 *Halst*. 150.

Nothing in this section two hundred and one changes the command of that statute. The two acts are in unison. This statute concerning references provides, that the party excepting may demand a trial by jury, and thereupon the *action*, not the exceptions, shall be tried by the jury. The statute goes on to state, that the report of the referee shall be *prima facie* evidence of the facts therein found and reported, but it is to be offered as evidence, and acted upon by the court and jury as such. If it does not state facts enough to support the plaintiff's right, the plaintiff must doubtless prove the needed facts *aliunde*, and the defendant would have a clear right to rebut such proof without regard to his exceptions. The party excepting may have limited the range within which he will be permitted to offer testimony to contradict the *prima facie* effect of the report by the exceptions filed, but he does not thereby limit the issues which are to be determined. The *action* must still be tried, and that embraces the issues raised by the pleadings. By the *postea* it conclusively appears, that in this suit those issues were tried and solved in favor of the plaintiff below. There is no error here.

The plaintiffs have assigned numerous errors on what they regard as the admission and exclusion of evidence, and the charge of the judge at the circuit, and the bill of costs; but they call for no further remark than that there is nothing

Paulison v. Halsey.

upon the record before this court by which their validity can be established.

The judgment of the Supreme Court should be affirmed, with double costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, LILLY, WALES—12.

*For reversal*—None.