James McNulty, Appellant, *v.* John R. Solley, Respondent.

The submission of a cause of action to arbitrators is in legal effect a discontinuance of an action pending thereon, although the arbitrators have not consented to act; and their subsequent failure or refusal to take upon themselves the duties of the arbitration does not revive the action.

This result follows, although the submission is not acknowledged as prescribed by the Code of Civil Procedure. (§ 2366.)

After such a submission the defendant is entitled, on motion, to an order of discontinuance.

*Elliott* v. *Quimby* (13 N. H. 183), *Chapman* v. *Seccomb* (36 Me. 103), disapproved.

At the time such a submission was executed the cause was on the trial calendar; thereafter, on application of plaintiff's counsel, the Circuit judge ordered the cause set down for trial for a day named. *Held,* that by omitting to appeal from such order defendant did not waive the submission; that, as it did not appear that he assented thereto, or participated in the proceeding, it could not operate to his prejudice.

(Argued February 26, 1884; decided March 4, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made December 1, 1883, which affirmed an order of Special Term discontinuing the action. (Reported below, 31 Hun, 17.)

The facts sufficiently appear in the opinion.

*Samuel C. Mount* for appellant. The proposition to arbitrate, with the refusal of the arbitrators to accept the proposition, was insufficient to withdraw the cause from the court to another tribunal. (Morse on Arbitrations, 80 ; *Chapman* v. *Seecomb,* 36 Me. 102 ; *Elliott* v. *Quimby,* 13 N. H. 183 ; *Woolley* v. *Clark,* 2 D. & Ry. 158 ; *Haggart* v. *Morgan,* 5 N. Y. 422 ; *Harper* v. *Abraham,* 4 Moore R. of Cases in Com. Pleas & Exchequer Chambers, 3.) Even an agreement to arbitrate, accepted by the arbitrators, does not divest the court of its whole jurisdiction of the cause. (*Douglas* v. *Kenton,* 1 Miles, cited ; Morse on Arbitration, p. 77 ; Com. Dig. tit. Courts, p. 2, Conusance of Pleas ; *Camell* v. *Clavering,* 2 Ld. Raym. 789 ; Tidd's Practice [9th ed.], 822.) The court erred in refusing to take into consideration the question of the intent of the parties as to whether the matters should operate as a discontinuance of the suit or not, even though the paper on its face appeared to be an agreement to arbitrate. (Story's Eq. Juris., § 1457 ; *Hirch* v. *Litchfield,* 39 N. Y. 379.) The proposition is defective as a written submission to arbitration, because it was not acknowledged or certified in like manner as a deed to be recorded. (Code of Civil Procedure, § 2366 ; *Bulson* v. *Lohnes,* 29 N. Y. 291 ; *Fairchild* v. *Gwinne,* 16 Abb. Pr. 23 ; *Randell* v. *Dusenbury,* 39 Sup. Ct. 177 ; *Adams* v. *Houghton,* 3 Abb. Pr. [N. S.] 46 ; *Inhab. Deerfield* v. *Arms,* 37 Mass. 480.)

*Samuel Hand* for respondent. The submission was a general one, and had the effect of discontinuing the action. (*Wilson* v. *Williams,* 66 Barb. 209 ; *Ressequie* v. *Brownson,* 4 id. 541 ; *Keep* v. *Keep,* 17 Hun, 153 ; *Jordan* v. *Hyatt,* 3 Barb. 275 ; *Larken* v. *Robbins,* 2 Wend. 505.) The submission was

good, although not acknowledged. (Code of Civil Procedure, § 2386; *Cutler* v. *Cutler*, 43 N. Y. Supr. Ct. 472, 473.) The practice pursued by the defendant of moving for an order of discontinuance was the right course. (*Smith* v. *Barse*, 2 Hill, 390; *Lorillard* v. *Phila. Steam Co.*, 1 Law Bulletin, 12.)

DANFORTH, J. After issue, while the action was pending and on the trial calendar, the parties, under the advice of certain persons styled a committee, executed an agreement in these words: "New York, April 27, 1883. Mr. McNulty named Saml. Shethar, Mr. Solley named E. V. Connett; the committee named H. M. Silverman."

"We, the undersigned, hereby agree to leave our differences to the above named parties, Shethar, Connett and Silverman, as arbitrators, whose decision shall be final."

Afterward the plaintiff's counsel had the cause set down for trial at the Circuit for the 16th of May, 1883. On the 10th of May the defendant, on an affidavit showing these facts, obtained an order from a judge of the Supreme Court requiring the plaintiff to show cause why the action should not be discontinued. In answer to the order the plaintiff made it appear by his affidavit that since signing the paper no action had been taken by either of the persons named as arbitrators, "they having been selected without their knowledge or previous consent;" that one of them, Mr. Shethar, having since been asked by the plaintiff to consent to act, "absolutely refused to do so." The court granted the motion and declared the action to be discontinued. The General Term have affirmed that order.

The rule is well settled that mere submission to arbitration is a discontinuance of the suit. (*Camp* v. *Root*, 18 Johns. 22; *Ex parte Wright*, 6 Cow. 399; *Smith* v. *Barse*, 2 Hill, 387; *Bank of Monroe* v. *Widner*, 11 Paige, 529, 533; *Ressequie* v. *Brownson*, 4 Barb. 541; *Wilson* v. *Williams*, 66 id. 209; *People, ex rel. Van Cortlandt*, v. *Onondaga Common Pleas*, 1 Wend. 314.) In *Larkin* v. *Robbins* (2 Wend. 505) it was held that this

was so although the arbitrators had not taken or consented to take upon themselves the burden of the submission, or done any act under it. It is sufficient, says MARCY, J., "that the parties have selected these arbitrators and concluded their agreement to submit to them. It is this agreement which withdraws the cause from the court and effects a discontinuance of the suit." The submission is *eo acto* a discontinuance (*Ressequie* v. *Brownson, supra*), and such would be its effect although it had been immediately revoked. (*Smith* v. *Barse, supra*.)

The ground upon which the doctrine rests is that the parties have selected another tribunal—one of their own creation—to settle the controversy, and they thereby agree to, and do withdraw the cause from the court. In *Buel* v. *Dewey* (22 How. Pr. R. 342) the rule is said to apply although the arbitrators fail or refuse to take upon themselves the duty of the submission. There is no injustice in this rule. It was in the power of the parties either to ascertain beforehand whether the persons named would accept the office of arbitrators, or to so qualify their agreement as to make it conditional on their acceptance, or that proceedings in the suit should only be stayed until an award made, or no longer than a specified time and then cease to be of effect unless an award was made.

But neither of these things was done, and we think the general law was properly applied by the court below, and that the defendant was entitled to the relief he sought by motion. (*Wells* v. *Lain*, 15 Wend. 99; *Coleman* v. *Wade*, 2 Selden, 44.) Cases are cited by the learned counsel for the appellant from the courts of other States (*Elliott* v. *Quimby*, 13 N. H. 183; *Chapman* v. *Seccomb*, 36 Me. 103), to the effect that the assent of the arbitrators is a condition precedent to the taking effect of the agreement for submission. But in this State the rule to the contrary seems to be too firmly established to be disturbed; and when the submission, as in this case, is the voluntary act of the parties, in words chosen by themselves, the court is not at liberty to add any thing which requires their consent, or look beyond the paper to discover their intent. The legal

effect of the contract, as we have seen, was to discontinue the action and put it out of court, and to that the parties must be deemed to have assented. This result follows although the submission was not acknowledged or certified as prescribed by section 2366 of the Code. Its validity does not depend upon the provisions of that statute, but upon the common law, and section 2386 expressly provides that except in certain cases of which this is not one, the title of the Code concerning arbitrations does not affect a submission made otherwise than as prescribed therein, or any proceedings taken pursuant thereto.

The appellant claims that the defendant waived the submission by not appealing from the order of the Circuit judge, assigning a day for the trial of the cause. It does not appear that he participated in that proceeding, or in any way assented thereto. It was not a step taken by him, but by his adversary, and cannot operate to his prejudice.

We think the order appealed from should be affirmed.

All concur except RAPALLO, J., dissenting.

Order affirmed.