WILLIAM GIBSON JONES, Respondent, *v.* LULA V. JONES, Appellant.

*Service of a summons on a defendant outside of the territorial jurisdiction of the court— effect of a judgment entered thereon in another State — when binding if the defendant appears — U. S. Const., art. 4, sec. 1 —after the dissolution of a marriage no action for divorce will lie.*

In this action, brought to procure a divorce on the ground of adultery, the defendant, who was then a resident of Texas, after having been served with the summons under an order of publication, appeared and answered the complaint. Thereafter the defendant commenced an action in Texas to procure a decree dissolving her marriage with the plaintiff, her husband, upon the ground of his cruelty and other misconduct. While the present action was pending, a citation, issued in the action brought by the wife, was personally served upon the defendant in that action (the plaintiff in the present action) in New York, the place of his residence, as authorized by a statute of the State of Texas. After the service of this citation the plaintiff proceeded to Texas and answered the petition filed against him there by his wife, the present defendant. After the wife had been allowed to amend her petition, to obviate objections taken by him to the sufficiency of its allegations, he again answered it, alleging, first, a want of jurisdiction on the part of the court over his person, and afterwards setting up a defense to the action upon the merits. Upon the verdict of a jury, a judgment was entered in favor of the wife, dissolving the marriage, which judgment was subsequently affirmed by the Supreme Court of Texas upon an appeal taken to it by the husband. After the recovery of this judgment, the wife, the defendant in this action, was allowed to set up the recovery thereof, by supplemental answer, as a defense to this suit.

*Held,* that although the service of the citation, issued in the wife's action, upon the husband in this State would not have conferred jurisdiction upon the court in Texas to direct a judgment dissolving the marriage, which would be valid and effectual in this State, yet by his appearing in that action and contesting the jurisdiction of the court, and the right of his wife to maintain her suit, he rendered the judgment entered against him conclusive in that State, and therefore entitled, under section 1 of article 4 of the United States Constitution, to the same conclusive force and effect in this State.

That if the Texas court erred in holding that it had acquired jurisdiction over his person, the error could only be corrected by means of an appeal, writ of *certiorari*, or writ of error, brought for the direct purpose of reviewing and correcting the decision.

That as the judgment dissolving the marriage, so recovered by the wife, was binding upon the plaintiff, her husband, it disabled him from further prosecuting this action against her. (BRADY, J., dissenting.)

*Stilphen* v. *Stilphen* (58 Me., 508), distinguished.

APPEAL from a judgment in favor of the plaintiff, recovered on a trial at Special Term.

*William W. Badger*, for the appellant.

*Edwin B. Smith*, for the respondent.

DANIELS, J.:

The action was brought for a divorce on the alleged ground of adultery. At the time of its commencement the defendant was a resident of the State of Texas, and the summons was served upon her under an order of publication. She appeared in the action and answered the complaint. After the service of her answer she commenced an action in the District Court of Camp county, in the State of Texas, against the plaintiff in this action, who was then her husband, and obtained a divorce dissolving her marriage with him, on the ground of cruelty and other misconduct alleged for that purpose in her petition. She had at that time resided in Texas for a period of six months, and under the statute of that State was authorized to commence and prosecute such action for the causes alleged in her petition. The plaintiff in this action was not in the State of Texas at the time when her petition was filed, and a citation was issued by the court directed to him, requiring him to answer the petition, as that was authorized by the statute of that State. This citation was personally served upon him in the city of New York, on the 11th of December, 1882, while his own action was still pending against his wife. The statute of the State of Texas permitted such a service to be made of a citation out of the State. But if the action proceeded alone upon its service, and proof of the facts alleged in the petition, and a judgment dissolving the marriage had followed, under the authority of the statute of the State of Texas, it would not have been binding or operative upon the plaintiff in this action, who at the time was a resident of this State. For it is now settled by the authorities that an action commenced in this manner by a husband or wife resident in another State, against the husband or wife, at the time residing in this State, will not confer jurisdiction over the person residing out of the State in which such action has been commenced, or authorize a judgment dissolving the marriage. Jurisdiction over an absent party cannot

be obtained in that manner, so as to render a judgment effectual or operative beyond the State in whose tribunals it may have been obtained. (*Holmes* v. *Holmes*, 4 Lans., 388; and *Hart* v. *Sansom*, 110 U. S. R., 151.) Where it is held that "no court, deriving its authority from another government, will recognize a merely constructive service as bringing the person within the jurisdiction of the court. The judgment would be allowed no force in the courts of any other State; and it is of no greater force as against a citizen of another State, in a court of the United States, though held within the State in which the judgment was rendered." (Id., 155; *Cox* v. *Cox*, 19 Ohio St., 502; *Sewall* v. *Sewall*, 122 Mass., 156.)

This rule has been so rigidly adhered to that it has been held that the defendant in such an action, commenced and prosecuted to a judgment by his wife against him in the State of Ohio, would not be at liberty to marry again after the recovery of such divorce by her; and as he did so, a criminal offense was committed, for which he might be punished by imprisonment in a State prison. (*People* v. *Baker*, 76 N. Y., 78.)

But after the service of the citation upon the present plaintiff, he proceeded to the State of Texas and answered the petition filed by the present defendant against him for a divorce. By his answer he first objected to the jurisdiction of the court over him, by the service of a citation upon him, in the city of New York, and demurred and excepted to the sufficiency of the facts mentioned in the petition to entitle his wife to a judgment against him under the statute of the State of Texas. She afterwards obtained leave to amend her petition, and did so, by alleging further facts deemed to be material on her part, and this amended petition was again answered by him, alleging, first, a want of jurisdiction on the part of the court over his person, and afterwards presenting his defense to her action upon the merits. The issue joined in this manner came on for trial before the court and a jury, when a verdict was recovered against him. This verdict was followed by a judgment dissolving his marriage with his wife and conferring upon her the custody and education of their infant child. Objections and exceptions were taken and filed by him for the purpose of a motion for a new trial. A case and bill of exceptions was also made and settled, and an appeal taken by him from the judgment in the

action to the Supreme Court. The appeal was afterwards argued, and upon full consideration by the court the judgment was affirmed, and has since been reported as *Jones* v. *Jones* (60 Texas, 451). After the recovery of the judgment by his wife she applied for leave in this action to present it by way of supplemental answer to the plaintiff's complaint. That leave was secured by her, and the answer was served setting forth the recovery of the decree dissolving her marriage with the plaintiff in this action, as a defense to this suit. This defense was presented upon the theory that, as her marriage with the plaintiff had been dissolved by the decree, and judgment recovered by her in the State of Texas, she was no longer his wife, and that he was accordingly disabled by that fact from further prosecuting this action against her under the laws of this State. The right to maintain such an action being secured by the present, as well as the preceding law, only to a person sustaining the relation of husband or wife to the defendant. (3 R. S. [6th ed], 155, 156 ; Code Civ. Proc, § 1756.)

And if the judgment recovered by her was binding upon her husband, this result would seem to follow as one of its necessary effects, for it is not important upon what ground the marriage may have been dissolved, if its dissolution had actually taken place. For another action, whose object is the attainment of a similar result, cannot be maintained by a divorced husband against his wife. It is supposed that a different ruling was followed in *Stilphen* v. *Stilphen* (58 Maine, 508). But that decision proceeded upon the effect of a statute of the State of Maine in terms securing that right, and it was held, although that statute had been superseded by another, that under the law the same right to another divorce might still be maintained. But as this authority proceeded solely upon the effect of the statutes of the State of Maine, and no such statute exists in this State, the further prosecution of this action by the plaintiff cannot be maintained by reason of anything that was held in that case.

It has, however, been further insisted that the judgment recovered by the wife against her husband in the action in the State of Texas is not effectual or binding upon him, for the reason that her suit could not be commenced in the manner in which it was and be afterwards binding upon him, as he was entitled to disregard the

service of the citation made upon him; that his answer to the petition filed by his wife could not be construed to be a waiver of this right, or as a submission of his person to the jurisdiction of the Texas court. And authorities have been brought to the attention of the court, in which it has been held, as a general legal proposition, that a court, in which a legal proceeding has been carried on without obtaining jurisdiction of the person of the individual designed to be proceeded against, could not acquire such jurisdiction by his appearance for the purpose of objecting and alleging this want of it; and that if his plea or answer were overruled, he might still contest the merits of the action without depriving himself of the validity of the objection taken to the jurisdiction of the tribunal. This has been held to be law in cases arising not only in this State but in other States and in the Supreme Court of the United States. But in all those cases where the law has been so applied to the determination of the point of jurisdiction over the person of the defendant, it has been by means of an appeal, writ of *certiorari* or writ of error, brought for the direct purpose of reviewing and correcting the adverse decision. Such was the course of proceeding in *Cunningham* v. *Goelet* (4 Denio, 72); *Wright* v. *Boynton* (37 N. H., 9); *Avery* v. *Slack* (17 Wend., 85); *Ressequie* v. *Brownson* (4 Barb., 541); *Allen* v. *Stone* (9 id., 61); *Belden* v. *New York and Harlem Railroad Company* (15 How., 17); *People ex rel. Wyman* v. *Johnson* (1 Thomp. & C., 578); *Insurance Co.* v. *Dunn* (19 Wall., 223); *Harkness* v. *Hyde* (98 U. S., 476); *Sullivan* v. *Frazee* (4 Robt., 616); *Walling* v. *Beers* (120 Mass., 549); *De Witt* v. *Monroe* (20 Texas, 289); *McKinney* v. *Jones* (7 id., 598); *Steamship Co.* v. *Tugman* (106 U. S., 118). Under the rule settled by these authorities, the plaintiff in this case was probably entitled to a judgment relieving him from the effect of the action, commenced in the manner in which the suit was commenced, which was pending in the State of Texas, and if his appeal could have been extended so as to bring the case within the authority of the Supreme Court of the United States, that might well have been the result, according to the decisions made by that tribunal. But it was not, for the case was reviewed and a determination made against him by a final decision of the Supreme Court, upon his appeal. By this determination it was definitely decided

by the courts, in the State of Texas, that jurisdiction had been acquired over the person of the defendant, and that the courts of that State possessed rightful authority to decide the legal controversy pending between himself and his wife. Such a determination was finally made, and to the present time it remains in full force and unreversed. That court may have decided erroneously against the husband in overruling his objections to its jurisdiction, but it does not follow from that circumstance that he can avoid the effect of the determination so made, by now insisting upon the error and establishing his legal right to have had that point decided in his favor, instead of against him, as it was by the court in the State of Texas. The error, if one intervened in the legal proceeding, cannot be corrected in this manner. It must be done by way of appeal or writ of error, in the action or proceeding in which the error arose. When a judgment, which may have proceeded upon an erroneous view of the facts or of the law, is brought up for consideration between the same parties in another action, its effect cannot be avoided by reason of the circumstance, that it may have been erroneously or irregularly decided. (*Potter* v. *Rowland*, 4 Seld., 448.) But where such a judgment or final determination remains in force, unreversed, it continues to be binding as an adjudication against the parties to the action. It is a general rule of the law that where a fact has been put in issue in the course of legal proceedings, and after a hearing, has been definitely considered and decided, that the decision while it remains unreversed is final and conclusive against the parties to the action or proceeding in which it may have been made. (*Sheldon* v. *Edwards*, 35 N. Y., 279; *Webb* v. *Buckelew*, 82 id., 555–559; *Church* v. *Kidd*, 88 id., 652; *Patrick* v. *Shaffer*, 94 id., 423.)

This is the general rule of the law applicable to such a state of facts, and it follows from it that this judgment, certainly in the State of Texas where the same principle is to be presumed to be the law, conclusively settled the point against the present plaintiff that the court in which his wife proceeded against him did acquire jurisdiction over his person, and certainly had authority to determine the controversy in the action there pending between his wife and himself. That was the effect of the judgment as it was recovered by her in her action against him, and in no proceeding taken

upon that judgment in that State would he, under this rule, have been permitted again to contest the jurisdiction of the courts of the State of Texas to pronounce the judgment which was there recovered against him as the result of that litigation. The fact was definitely maintained that the court had jurisdiction over his person, and that a state of facts existed which, under the laws of the State of Texas, entitled his wife to a judgment against him dissolving their marriage, and awarding the custody of their child to her. This was the necessary and legal effect of what had there taken place; and as the judgment had, by his appearance in the action and contesting the jurisdiction of the court and the right of his wife to maintain her suit, become conclusive against him there, it was necessarily entitled to the same force and effect in this State. He had voluntarily appeared there and presented these points for the consideration and determination of the courts of the State of Texas. These courts decided the facts as well as the law against him, and as that was done after an appearance and contest on his part, he was necessarily concluded by the judgment there; and, being concluded there, it follows under the Constitution of the United States that it must have the same force and effect in this State. For, by section 1, article 4 of the Constitution, it has been declared that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." And congress, soon after the adoption of the Constitution, enacted a statute, which still remains in force, to carry this provision into effect. And, under the Constitution and this act of congress, it has been held that the judicial proceedings had in one State shall, when properly authenticated, be of the same binding force and effect in each of the other States. (*Mills* v. *Duryee*, 7 Cranch, 481; *Christmas* v. *Russell*, 5 Wall., 290.) There the principle was sanctioned that "if a judgment is conclusive in the State where it was pronounced, it is equally conclusive everywhere." The judgment considered in that action had been recovered in the State of Kentucky, and it was said by the court: "Beyond all doubt the judgment was valid in Kentucky, and conclusive between the parties in all her tribunals. Such was the decision of the highest court in the State, and it was undoubtedly correct; and, if so, it is not competent for any other State to authorize its courts to open

the merits and review the cause, much less to enact that such a judgment shall not receive the same faith and credit that by law it had in the State courts from which it was taken." (Id., 302.) And in *Cheever* v. *Wilson* (9 Wall., 108) it was held that a judgment for divorce was entitled to the same weight and effect, where it had been pronounced after jurisdiction had been acquired by the court over the parties to the action. In that case it was said that "the Constitution and laws of the United States give the decree the same effect elsewhere which it had in Indiana. If a judgment is conclusive in a State where it is rendered, it is equally conclusive everywhere in the courts of the United States." (Id., 123.) And in *Kinnier* v. *Kinnier* (45 N. Y., 535) the same rinciple was again applied to a judgment recovered in an action for divorce. It was held that the " question whether he was a resident there so as to enable him to file his bill, was for that court to determine ; and, although it may have decided erroneously, the decision cannot affect the validity of the judgment. The *status* of all persons within a State is exclusively for that State to determine for itself. It is unnecessary to say what the effect might be if it was alleged that Pomeroy had never been within the State, although he may have authorized the bill to be filed ; but it is conceded he was there, and sufficient facts are alleged to give the Illinois court power to decide the question of domicile, and the judgment is not void, if we concede that the decision was erroneous, and if it is also conceded that the question of residence is vital to give jurisdiction. A wrong decision does not impair the power to decide, or the validity of the decision when questioned collaterally." (Id., 540, 541.) Under the effect undoubtedly secured by the rule sustained by these authorities, it should have been held upon the trial of this part of the action that this judgment, which was recovered upon the voluntary appearance of the defendant in that action, and upon the contest made by him drawing in question the jurisdiction of the court, and also the right of his wife to maintain her action against him upon the merits, that it conclusively settled the controverted points, and legally dissolved the marriage existing between his wife and himself. It was not necessary that the judgment should have proceeded for a cause allowed by the statute of this State as a ground of divorce to entitle it to that effect, for each of the

States has undoubted authority by its own laws to provide for the causes for which a marriage contract may be dissolved; and when that has been done, and a case under the authority of the statute has been brought before the courts of the State, and it has been sanctioned and maintained after a hearing of both parties, and a judgment has resulted, it cannot, while it shall remain in force, be questioned or avoided by either of the parties. The State of Texas has enacted a law by which, for the causes alleged in the petition of the wife, her marriage with the plaintiff in this case could be dissolved. The court in which the action was pending had jurisdiction over that subject-matter, and by his appearance the defendant voluntarily submitted himself to that jurisdiction. He applied to the court to hold in his favor that jurisdiction over his person had not been obtained, and also to determine the merits of the controversy against his wife. This application on both grounds was entertained by the court and decided against him. And as he was there concluded by that decision obtained in this manner, he was concluded in the same manner in this action, and the judgment should have been held to be a legal defense to the further prosecution of this suit. The judgment should accordingly be reversed and a new trial ordered.

DAVIS, P. J., concurred.

BRADY, J. (dissenting):

This action was brought to obtain a divorce on the ground of infidelity. The defendant set up, among other things, the recovery of a judgment, in May, 1883, by her in Texas, decreeing an absolute divorce, of which State she was then, and continued at the time of the answer interposed herein, to be a resident. The defendant moved, therefore, and it was ordered, that all the issues of fact in reference to the separate defense pleaded by her, alleging the judgment and decree of divorce already mentioned, be tried at the Special Term without a jury, and that she have leave to renew the motion to settle the other issues as to adulteries alleged in the complaint for trial by jury, if she should be so advised. The object of this mode of procedure, which is unprecedented in an action of this character, was doubtless to avoid the trial of the other issues, which would become unnecessary if the divorce set up

were valid, and being so, dissolved the relation of husband and wife between the parties.

It appears from the record that the plaintiff in this action was a resident of this State at the time the proceeding in Texas was commenced against him; and that he was served with process in this State, but appeared in the proceeding in Texas, insisting that the court in which the action was brought by the defendant against him had no jurisdiction over him. This want of jurisdiction was repeated in all the stages of the proceeding in Texas, notwithstanding his answer and his contestation of the right of the defendant to recover against him.

The opinion of the learned justice in the court below contains a statement of the salient facts of the issue which was tried before him, and discusses each one of the points presented by them, and fully disposed of them on principle and authority, declaring, as the result, the judgment of divorce in Texas to have been without jurisdiction. We see no reason for differing from him in the views expressed, and adopt his opinion as conclusive.

I think the judgment should be affirmed, without costs.

Judgment reversed, new trial ordered, costs to abide event.